UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO MORALES, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, and JOHN DOES 1 to 10,<br><br>Defendant. | Civil Action No. 2:15-cv-08401-ES-JAD<br><br>**JOINT DISCOVERY PLAN**<br><br>Initial Conference Date: May 11, 2016 |

1. **Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

Plaintiff's Position: Plaintiff brings this class action alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by sending collection letters in window envelopes which revealed the barcode containing the account numbers.

Damages: Statutory damages under the FDCPA are limited to: (a) $1,000 to the Plaintiff; and (b) the lesser of $500,000 or 1% of the Defendant's net worth for the class.

Litigation Expenses: The FDCPA provides that, regardless of the amount of damages, if any, reasonable attorney's fees and litigation expenses are assessed against a defendant found to have violated the Act.

Defendant's Position: The FDCPA was not intended to prohibit the placement of benign symbols, used for legitimate and good faith business purposes, on the exterior of a debt collection envelopes. Instead, the Act is intended to curb unconscionable, deceptive, abusive, and inherently unfair collection practices, and none of these policy principles are even remotely implicated by placing an innocuous barcode on a letter.

2. **Have settlement discussions taken place?** No.

   (a) **What was plaintiff's last demand?** N/A.

      **(1) Monetary Demand:** N/A.
      **(2) Non-Monetary Demand:** N/A.

   (b) **What was defendant's last offer?** N/A.

        (1) **Monetary Offer:** N/A.
        (2) **Non-Monetary Offer:** N/A.

3. **The parties have not exchanged the information required by <u>Fed. R. Civ. P.</u> 26(a)(1). If not, state the reason therefor.**

    The parties will exchange disclosures within one week of the initial conference.

4. **Describe any discovery conducted other than the above disclosures.**

    None.

5. **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

    Defendant has moved to dismiss the complaint, which is still pending. The Defendant reserves the right to file a motion to stay the case pending the Supreme Court's decision in <u>Spokeo, Inc. v. Robins</u>. The petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit was granted by the Supreme Court on April 27, 2015. See 135 S. Ct. 1892.

6. **The parties proposed the following:**

    (a) **Discovery is needed on the following subjects:** All matters relevant to the merits and Rule 23.

    (b) **Should discovery be conducted in phases?** No.

    (c) **Number of Interrogatories by each party to each other party:** Twenty-five (25) interrogatories for each side.

    The parties propose that initial written discovery requests shall be served by May 30, 2016. Any responses, answers, and objections to initial written discovery requests shall be served by July 30, 2016.

    (d) **Number of Depositions to be taken by each party:** 10.

    (e) **Plaintiff's expert report due on:** no later than sixty (60) days after the conclusion of factual discovery.

    (f) **Defendant's expert report due on:** no later than sixty (60) days after service of the Plaintiff's expert report.

    (g) **Motions to Amend or to Add Parties to be filed by:** no later than ten (10) days

after the conclusion of factual discovery.

(h) **Dispositive motions to be served within 60 days after service of the Defendant's expert report.**

However, Defendant proposes that any motion for class certification shall be filed by August 15, 2016.

(i) **Factual discovery to be completed:** ten (10) months from the Rule 16 Conference date, as this matter is a class action.

(j) **Expert discovery to be completed:** Pursuant to the Court's further directive.

(k) **Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

Defendant requests that requests for admissions be limited to 30 per party.

Should it become necessary, the parties agree to the form Discovery Confidentiality Order contained in Appendix S of the Local Rules.

Regarding discovery of electronically stored information, the parties shall abide by the relevant Federal Rules of Civil Procedure and Local Rules.

Pursuant to Fed. R. Civ. P. 29, the parties stipulate:

A. SERVICE OF DISCOVERY ITEMS BY EMAIL. The parties stipulate that discovery demands and responses may be served by email using counsel's ECF email address. The email may attach the items or include a link in the body of the email to download the document. All documents served in this manner are deemed to be originals for all purposes in this lawsuit.

B. CONDUCT OF DEPOSITIONS: In accordance with the enumerated guidelines in *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 531 (E.D. Pa. 1993).

(l) **A pre-trial conference may take place on:** To be determined

(m) **Trial by jury or non-jury trial?** Jury trial

(n) **Trial date:** pursuant to the Court's further directive.

7. **Do you anticipate any discovery issues, challenges or problem(s)?** No.

8. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?** No.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

Plaintiff's Position: Plaintiff believes that mediation of this matter will be the most productive vehicle for seeking a resolution of this case. Such mediation will only be productive, however, once the parties have complete information regarding the size and scope of Plaintiff's proposed class and the net worth of Defendant.

Defendant's Position: The Defendant is not opposed to mediation.

10. **Is this case appropriate for bifurcation?** No.

11. **Parties do not consent to the trial being conducted by a Magistrate Judge.**

Dated: May 9, 2016

| | |
|---|---|
| KIM LAW FIRM LLC | MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C. |
| *s/ Yongmoon Kim* | |
| Yongmoon Kim | *s/ Christian M. Scheuerman* |
| Email: ykim@kimlf.com | Christian M. Scheuerman |
| 411 Hackensack Avenue, 2nd Floor | Email: cscheuerman@moodklaw.com |
| Hackensack, NJ 07601 | Cherry Tree Corporate Center |
| Tel. & Fax: (201) 273-7117 | 535 Route 38 East, Suite 501 |
| | Cherry Hill, NJ 08002 |
| *Attorneys for Plaintiff and the Proposed Class* | Telephone: (856)-663-4300 |
| | Fax: (855) 663-4439 |
| | *Attorneys for Defendant Healthcare Revenue Recovery Group, LLC* |