# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

NEW JERSEY OFFICE
*Cherry Tree Corporate Center*
*Suite 501*
*535 Route 38 East*
*Cherry Hill, NJ 08002*
*(856) 663-4300 Fax: (856) 663-4439*

*Christian M. Scheuerman*
Member NJ & PA Bars
CScheuerman@moodklaw.com

October 21, 2016

**Via ECF**
The Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
Martin Luther King Jr. Federal Building & US Courthouse
50 Walnut Street
Newark, NJ  07102

      RE:  Alejandro Morales v. Healthcare Revenue Recovery Group, LLC
            Docket No.:  2:15-cv-08401-ES-JAD
            Our File No.:  190-100509(SXK/CMS)

Dear Judge Dickson:

      The Court held a case management conference on October 14, 2016, and at its conclusion Your Honor requested a proposed case management schedule for this putative class action case.

      As a background, this is an FDCPA envelop case in which the Plaintiff claims that a barcode contained on a collection letter violates the Act.  The Complaint was filed on December 2, 2015, and the Defendant filed its first motion to dismiss on January 20, 2016.  On May 11, 2016, the Court entered a pre-trial scheduling order which contained a November 30, 2016 discovery end date.  On August 8, 2016, the Court entered an Order terminating the first motion to dismiss, with leave to refile, because the Plaintiff filed two improper sur-replies without leave of Court. (See docket entry no. 21).  The motion was refiled on August 11, 2016, and remains pending.

      At the October 14, 2016 case management conference, the Defendant requested that discovery be bifurcated to first allow for the completion of merits based discovery and then class based discovery.  Bifurcation is appropriate in this case because the Plaintiff's individual claim involves a narrow and potentially dispositive issue that is isolated and distinct from class based discovery.  The only remaining merits based discovery is to conduct the depositions of the Plaintiff and a representative from HRRG, and after that the Defendant anticipates filing a motion for summary judgment with regard to the Plaintiff's individual claim that the collection letter violates the FDCPA.

      Whether the barcode on the Plaintiff's collection letter violates the FDCPA is a narrow and distinct issue that does not implicate class wide discovery.  In a recent FDCPA putative class action case involving a collection letter, <u>Loreaux v. ACB Receivables Mgmt.</u>, 2015 U.S. Dist.

{NJ696344.1}

| Philadelphia | Pittsburgh | New York | Westchester County | Wilmington | Towson |
| Pennsylvania | Pennsylvania | New York | New York | Delaware | Maryland |

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**
October 21, 2016
Page 2

LEXIS 112250 (D.N.J. 2015), the District Court bifurcated discovery, reasoning that "a narrow, potentially dispositive issue exists concerning whether ABC's correspondence to Plaintiff violated the FDCPA's prohibition against deceptive and false communications." Id. at * 9-10. The Court further reasoned that such an analysis "is a narrow and distinct issue that does not implicate class wide discovery." Id. at * 10.

The same is true in the present case, as a narrow and potentially dispositive issue exists regarding whether the barcode on the Plaintiff's collection letter violates the FDCPA. As a result, the Defendant requests that discovery be bifurcated to first resolve this fundamental issue. The Defendant envisions only the need to take two depositions to complete merits based discovery and then would file for summary judgment or request leave to supplement the pending second motion to dismiss and convert it into a summary judgment motion. This will avoid costly class based discovery until the narrow barcode issue is decided.

In fact, the narrow issue in the present matter will be decided by the Third Circuit in Anenkova v. Van Ru Credit Corp., 2016 U.S. Dist. LEXIS 108950 (E.D. Pa. 2016). As such, a stay of the present matter, as opposed to bifurcation, is arguably the most practical course as the Court's ruling could be dispositive to the issue in this case. Certainly a stay would be the most cost effective for both sides and would not result in any prejudice. See Ford Motor Credit Co. v. Chiorazzo, 529 F. Supp. 2d 535, 542 (D.N.J. 2008) (explaining that determining whether to stay an action requires the Court to balance competing interests, such as whether the actions involve the same parties, involve the same issues, or are pending in the same court; and whether a stay would prejudice the plaintiff and further the interest of judicial economy).

In summary, in the event this Court is not amenable to a stay, we respectfully requests discovery to be bifurcated.

                                            Respectfully Submitted,

                                            **MARKS, O'NEILL, O'BRIEN,**
                                            **DOHERTY & KELLY, P.C.**

                                            */s/ Christian M. Scheuerman, Esquire*
                                            Christian M. Scheuerman, Esquire

CMS/jad
Cc:  Yongmoon Kim, Esquire (Via ECF)

{NJ696344.1}