

Continental Plaza · 411 Hackensack Avenue, 2nd Floor · Hackensack, NJ 07601 · (tel&fax) 201.273.7117

October 26, 2016

*Via ECF*

Honorable Joseph A. Dickson, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, MLK 2D
Newark, New Jersey 07101

      Re:    Alejandro Morales v. Healthcare Revenue Recovery Group, LLC, et al.
              Case No.: 2:15-cv-08401-ES-JAD

Dear Judge Dickson:

      I represent the Plaintiff in the above-referenced matter. I write this letter in response to the letter filed by Defendant's counsel on October 21, 2016. (ECF No. 29).

      Defendant's counsel presents two basic requests to this Court: (1) that discovery be bifurcated; and (2) that this action be stayed due to an appeal of the decision in *Anenkova v. Van Ru Credit Corp.,* No. 15-4968, 2016 U.S. Dist. LEXIS 108950 (E.D. Pa. Aug. 17, 2016) currently docketed in the Third Circuit. For the following reasons, Plaintiff opposes both requests.

    **I.**    **Bifurcation is Inappropriate**

      After over five months of discovery, Defendant now requests that discovery be bifurcated. Under Rule 42(b), Defendant has the burden to substantiate two basic factors for bifurcation: (1) that it would suffer prejudice or inconvenience if there was no bifurcation of the action and (2) that bifurcation would expedite and economize the cost of litigation. Fed. R. Civ. P. 42(b). Defendant has not presented any substantiation of either of these goals prescribed by Rule 42(b).

      Initially, it should be noted that Defendant stated this case was not appropriate for bifurcation. (See Joint Discovery Plan, ¶ 10; ECF No. 12). Additionally, Defendant has responded to Plaintiff's discovery requests that pertain to class certification. For example, Defendant responded to one of Plaintiff's interrogatories stating that "the size of the alleged class of New Jersey residents [who were] sent letters similar to the December 3, 2014 letter sent to the Plaintiff during the term was greater than 1,000 individuals." Plaintiff, therefore, submits that

Honorable Joseph A. Dickson, U.S.M.J.
October 26, 2016
Page **2** of **4**

Defendant has waived its right to request bifurcation and that any concern for "costly class based discovery" is without merit.

Further, there is no need to bifurcate discovery into separate and independently time-consuming "merits" and "class certification/merits" stages as Defendant seems to suggest. First, Defendant's proposed bifurcation would require, at the very least, two depositions of Defendant's corporate representative, once at the merits stage and again at the class stage. Second, in addition to Defendant's motion to dismiss, this Court would have to decide two motions for summary judgment—once for the individual plaintiff and then after class certification. This increases the costs of the parties and unnecessarily wastes the resources of this Court.

Second, numerous appellate courts have cautioned against the so-called "one-way intervention, where plaintiffs could sit out an action, choosing to opt in and be bound by the judgment only after a favorable outcome." *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 255 (3d Cir. 2012). "The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016) (citations omitted). "The rule exists because it is 'unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one.'" *Id.* at 1058 (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). Thus, "[i]f an individual plaintiff were to get a favorable ruling on the merits prior to certification—and its corresponding notice and opportunity to opt out—then class members are incentivized to remain in the lawsuit to take advantage of the favorable ruling. [On the other hand,] [i]f an individual plaintiff got an unfavorable ruling on the merits prior to class certification, class members are incentivized to opt out of the class to avoid application of the unfavorable ruling. Allowing class members to decide whether or not to be bound by a judgment depending on whether it is favorable or unfavorable is 'strikingly unfair' to the defendant." *Id.*

Defendant essentially advocates for one-way intervention—which is strictly prohibited. If the Plaintiff obtains a favorable decision on his individual claims prior to class certification, "the rule against one-way intervention may [] preclude[] certification." *Id.* Therefore, discovery in this matter should not be bifurcated.

   II.   **Stay Pending the *Anenkova* Appeal is not Warranted**

Defendant's request for an indefinite stay should be denied because it serves no practical purpose, is based on a flawed interpretation of the issues presented in the Third Circuit, which

Honorable Joseph A. Dickson, U.S.M.J.
October 26, 2016
Page **3** of **4**

serves as the basis for the request, and because it will needlessly and unfairly delay a resolution of this action. Thus, this matter should not be stayed pending the appeal to the Third Circuit of the decision in *Anenkova v. Van Ru Credit Corp.*, No. 15-4968, 2016 U.S. Dist. LEXIS 108950 (E.D. Pa. Aug. 17, 2016), for the following reasons.

First, the Third Circuit's opinion will not be dispositive in this litigation. The facts and legal issues in *Anenkova* are different than those presented here. The plaintiff in *Anenkova* brought suit against a debt collector alleging that a barcode which, when scanned, revealed a **mail-vendor's** tracking number,[1] violated the FDPCA. *Anenkova*, 2016 U.S. Dist. LEXIS 108950, at *3. "The numbers do not contain or resemble Anenkova's account number with Van Ru. They are created by and for [the mail-vendor] to generate reports to Van Ru. The numbers in the barcode mean something to [the mail-vendor] and nothing to Van Ru." *Id.* Based on these facts, the district court distinguished the case from *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) and found for the defendant.

The *Anenkova* decision in inapplicable here. This action involves the use of barcodes containing the Defendant's account number, not the mail-vendor's. (Compl. ¶ 24, ECF No. 1). Thus, even if the Third Circuit's opinion in *Anenkova* is favorable to the defendant-Van Ru, the Court's opinion will not end this litigation. At most, all the Third Circuit's decision could mean is that the disclosure of the mail-vendor's tracking number does not violate the Act. Accordingly, granting Defendant's request for a stay will serve only to delay the inevitable reality of discovery and a determination on the merits, and not to end the litigation altogether, as Defendant suggests. There is no reason to delay the inevitable.

Second, current law is that Defendant has violated the Act. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303, 306 (3d Cir. 2014); *Berry v. ARS Nat'l Servs.*, No. 15-1529, 2015 U.S. Dist. LEXIS 171043 (E.D. Pa. Dec. 23, 2015) (barcode); *Palmer v. Credit Collection Servs.*, No. 15-1681, 2015 U.S. Dist. LEXIS 171039 (E.D. Pa. Dec. 22, 2015) (barcode); *Dorman v. Computer Credit, Inc.*, 154 F. Supp. 3d 126 (D.N.J. 2015); *Link v. ARS Nat'l Servs.*, No. 15-643, 2015 U.S. Dist. LEXIS 164263 (W.D. Pa. Dec. 8, 2015) (barcode); *Pirrone v. NCO Fin. Sys.*, No. 15-4000, 2015 U.S. Dist. LEXIS 163747 (E.D. Pa. Nov. 30, 2015) (barcode); *Sungsoo Park v. ARS Nat'l Servs.*, No. 15-cv-02867-SDW-SCM, 2015 U.S. Dist. LEXIS 147171 (D.N.J. Oct. 30, 2015) (barcode); *In re ACB Receivables Mgmt.*, No. 14-cv-6418-FLW-LHG, 2015 U.S. Dist. LEXIS 119812 (D.N.J. Sept. 9, 2015); *Kostik v. ARS Nat'l Servs.*, No. 3:14-CV-

---

[1] Contrary to Defendant's assertion that *Anenkova* involved "the debt collector's unique tracking number" (see Def's Reply Brief, p. 2; ECF No. 27), the *Anenkova* decision clearly involves the **mail-vendor's** tracking number. *See Anenkova*, 2016 U.S. Dist. LEXIS 108950, at *3.

Honorable Joseph A. Dickson, U.S.M.J.
October 26, 2016
Page **4** of **4**


2466, 2015 U.S. Dist. LEXIS 95230 (M.D. Pa. July 22, 2015) (barcode); *Styer v. Prof'l Med. Mgmt., Inc.*, 114 F. Supp. 3d 234 (M.D. Pa. 2015) (barcode); *Kryluk v. Northland Grp., Inc.*, No. 14-3198, 2014 U.S. Dist. LEXIS 164876 (E.D. Pa. Nov. 24, 2014). Despite Defendant's hope that the Third Circuit will issue an opinion in *Anenkova* which is favorable to Defendant's position, no such opinion has yet been issued. An appeal to the Third Circuit has no legal substance, does not indicate which way the Court will rule, and does not change existing law.

      Third, neither judicial economy nor the public interest is served by the imposition of a stay. Both Rules 1 and 23 of the Federal Rules of Civil Procedure recognize the importance of litigation proceeding expeditiously. Plaintiff submits there is little to be gained by imposing an indefinite stay.

      Fourth, imposition of a stay will prejudice Plaintiff. Defendant's claims about the burdensome nature of discovery it will have to undertake are grossly overstated. There is no immediate need for the parties to review hundreds of thousands of files prior to class certification since class members do not have to be identified (but merely shown to be identifiable) to warrant class certification. Defendant has already responded, albeit incompletely, to Plaintiff's discovery requests pertaining to class issues. To cause Plaintiff's claims to grind to a halt indefinitely would be manifestly unfair.

      For these reasons, this Court should deny Defendant's request for bifurcation of discovery and for a stay.

      Thank you for Your Honor's time and courtesies in this matter.

                              Very truly yours,

                              */s/ Yongmoon Kim*
                              Yongmoon Kim

YK/ena
cc:    Christian M. Scheuerman, Esq. *(Via ECF)*