**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO MORALES, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, et al.,<br><br>Defendants. | Civil Action No. 15-8401 (ES) (JAD)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SEAL |

**THIS MATTER** having come before this Court on Defendant's Healthcare Revenue Recovery Group, LLC ("Defendants") Motion to Seal documents for an Order sealing with Plaintiff's March 26, 2017 Letter contained in docket entry 48 and Plaintiff's Motion to Seal docket entry numbers 7, 38-1 and 48. (ECF No. 55, 56). Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this motion. After having considering the parties' submissions; and for good cause shown:

**WHEREAS** on December 9, 2016, this Court entered an Order sealing Defendants interrogatories. (ECF No. 35); and

**WHEREAS** on April 28, 2017, Defendant filed a motion to seal the following: Exhibit B docket entry 48 and Exhibit F docket entry 48 containing documents bates stamped HRRG 1-HRRG39, filed by the Plaintiff.

**WHEREAS** Exhibit B contains HRRG's interrogatories. (Exh. B. ECF No. 48).

**WHEREAS** Pages bates stamped HRRG1-HRRG38 of Exhibit F contains a user guide "from a third-party vendor with whom HRRG contracts in order to provide advice and assistance in drafting collection letters which comply with State and Federal law." (Atty Decl. at 2, ECF No. 55-4); and

**WHEREAS** Pages bates stamped HRRG39 of Exhibit F contains HRRG phone script "used for inbound and outbound collection calls." (Id.).

**WHEREAS** the aforementioned documents were designated as confidential pursuant to the Discovery Confidentiality Order signed by this Court on December 8, 2016. (ECF No. 34).

**WHEREAS** Plaintiff has filed an unredacted version of Exhibit B and Exhibit F under temporary seal; and

**WHEREAS** Defendant has filed an application, (ECF No. 55) requesting that this Court formally seal the unredacted version of the documents designated as confidential; and

**WHEREAS** on April 28, 2017, Plaintiff's Counsel filed a Declaration in support of its motion to seal "internal reference numbers associated by Defendant with Plaintiff's account" filed in docket entry numbers 7, 38-1 and 48. (Pl. Atty Decl. at 1, ECF No. 55-5).

**WHEREAS** Plaintiff argues that during the deposition of the corporate designee of Defendant, it was revealed that the use of the same internal reference number could be used to potential[ly] identify not only Plaintiff but other consumers as well." (Id.).

**WHEREAS** Plaintiff argues that the "internal reference numbers should be partially redacted to protect the privacy of the other New Jersey consumers." (Id.).

**WHEREAS** the unredacted version of docket entry numbers 7, 38-1 and 48 are not under temporary seal; and

2

## **CONCLUSIONS OF LAW**

1. Confidential information was filed in support of Plaintiff's March 26, 2017 letter. (ECF No. 48).

2. Federal Rules of Civil Procedure protect confidential proprietary business information, trade secrets and other commercially sensitive information

3. With regard to Exhibits B and F of Plaintiff's March 26, 2017 Letter, Defendant has an interest in protecting its confidential information and if that particular information was to be released to the general public its proprietary interests would be harmed.

4. There are no less restrictive means available than the relief sought by Defendant as the Court has required that Defendant publicly file a redacted version of the exhibits containing the confidential information.

5. With regard to Plaintiff's internal reference number contained in docket entry numbers 7, 38-1 and 48 Federal Rules of Civil Procedure protect Plaintiff's financial account numbers from public disclosure.

6. Plaintiff's internal reference number was included in docket entry numbers 7, 38-1 and 48.

7. With regard to the internal reference numbers contained in docket entry numbers 7, 38-1 and 48, Plaintiff has an interest in protecting its account information. There are no less restrictive means available than the relief sought by Plaintiff as the Court has required that Defendant publicly file a redacted version of the exhibits containing the internal reference numbers.

**BASED UPON** the foregoing findings of fact and conclusions of law:

IT IS on this 31st day of October, 2017

**ORDERED** that the Parties' Motion to Seal is GRANTED; and

**IT IS FURTHER ORDERED** that the unredacted versions of Exhibits B and F of Plaintiff's Letter (ECF No. 48) shall remain sealed pursuant to L. Civ. R. 5.3 (c); and

**IT IS FURTHER ORDERED** that on or before November 22, 2017, the parties shall file a publicly redacted version of Exhibits B and F (ECF No. 48) in which only the internal reference number and the aforementioned confidential information contained herein has been redacted; and

**IT IS FURTHER ORDERED** that the unredacted versions of docket entry 7 and 38-1 shall be sealed pursuant to L. Civ. R. 5.3 (c); and

**IT IS FURTHER ORDERED** that on or before November 22, 2017, Plaintiff shall file a publicly redacted version of docket entry 7 and 38-1 in which only the internal reference number contained herein has been redacted; and

**IT IS FURTHER ORDERED** that the Court clarifies that the parties may not simply redact entire exhibits, as they proposed, but instead redact only the confidential and protected information contained in the exhibits.

**SO ORDERED**

JOSEPH A. DICKSON, U.S.M.J.

cc: Honorable Esther Salas, U.S.D.J.