UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO MORALES,<br>*on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC, and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No. 2:15-cv-08401-ES-JAD<br><br>~~PROPOSED~~ **ORDER GRANTING MOTION TO SEAL** |

**THIS MATTER** having come before this Court on the Plaintiff's motion to seal certain information relating to the Plaintiff and the putative class, including internal reference number, Plaintiff's medical information and the "PIN#", contained in docket entries 66, 74, 80, 84 and 87; and Defendant's motion to seal portions of David Friedlander's deposition transcript contained in docket entry 84. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this motion. After having considering the parties' submissions; and for good cause shown:

**WHEREAS** on December 9, 2016, this Court entered an Order (ECF No. 35) sealing Defendants interrogatories; and

**WHEREAS** on October 31, 2017, this Court entered an Order (ECF No. 64) sealing the unredacted versions of docket entry 7 and 38-1, and Exhibits B and F of Plaintiff's Letter (ECF No. 48); and

**WHEREAS** on April 11, 2018, the Parties filed a motion to seal; and

**WHEREAS** Plaintiff requests that this Court formally seal the unredacted version of the

internal reference number, Plaintiff's medical information and the "PIN#" filed in docket entries 66, 74, 80, 84 and 87; and

**WHEREAS** on April 11, 2018, Plaintiff's Counsel filed a Declaration in support of its motion to seal internal reference numbers associated by Defendant with Plaintiff's account, Plaintiff's medical information, including the name of the medical provider, medical account provider's account numbers, the date of service and the "PIN#", filed in docket entry numbers 66, 74, 80, 84 and 87.

**WHEREAS** Plaintiff argues that during the deposition of the corporate designee of Defendant, it was revealed that the use of the same internal reference number could be used to potentially identify not only Plaintiff but other consumers as well.

**WHEREAS** Plaintiff argues that the internal reference numbers should be redacted to protect the privacy of the other New Jersey consumers.

**WHEREAS** Plaintiff argues that the name of the medical provider, medical provider's account numbers, service date and the "PIN#" should be redacted to protect the privacy of the Plaintiff.

**WHEREAS** Plaintiff has filed unredacted version in docket entry 74 and 84 under temporary seal; and

**WHEREAS** the unredacted version of docket entry 66, 80 and 87 are not under temporary seal; and

**WHEREAS** Defendant requests that this Court formally seal the unredacted version of the documents designated as confidential in the above docket entries; and

**WHEREAS** on April 11, 2018, Defendant's Counsel filed a Declaration in support of its motion to seal pages 53-60, 69-71, 99, 101-102, 106, 113-114, 119-125, 133, 138, and 141 of the

deposition transcript of David Friedlander contained in docket entry 84, as these pages discuss the internal computer software that HRRG has used in the past, the internal computer software that it currently uses, and a vendor which HRRG uses in its debt collection practice.

## CONCLUSIONS OF LAW

### Plaintiff's Proposed Conclusions of Law

1. With regard to Plaintiff's internal reference number, Plaintiff's medical information, including the medical provider's name, the medical provider's account numbers, service date and the "PIN#", contained in docket entry numbers 66, 74, 80, 84 and 87, and the Federal Rules of Civil Procedure protect Plaintiff's financial account numbers and medical information from public disclosure.

2. Plaintiff's internal reference number, Plaintiff's medical information, including the medical provider's name, the medical provider's account numbers, service date and the "PIN#", was included in docket entry numbers 66, 74, 80, 84 and 87.

3. With regard to the internal reference numbers, Plaintiff's medical information, including the medical provider's name, the medical provider's account numbers, service date and the "PIN#", contained in docket entry numbers 66, 74, 80, 84 and 87, Plaintiff has an interest in protecting its account and medical information. There are no less restrictive means available than the relief sought by Plaintiff as the Court has required that the Parties publicly file a redacted version of the documents containing this information.

### Defendant's Proposed Conclusions of Law

4. With regard to pages 53-60, 69-71, 99, 101-102, 106, 113-114, 119-125, 133, 138, and 141 of the David Friedlander deposition transcript, the Federal Rules of Civil

Procedure protect confidential proprietary business information, trade secrets and other commercially sensitive information

5. With regard to docket entry 84, Defendant has an interest in protecting its confidential information and if that particular information was to be released to the general public its proprietary interests would be harmed.

6. There are no less restrictive means available than the relief sought by Defendant as the Court has required that Defendant publicly file a redacted version of the exhibits containing the confidential information.

**BASED UPON** the foregoing findings of fact and conclusions of law:

**IT IS** on this _____ day of _____, 2018;

**ORDERED** that the Parties' Motion to Seal is GRANTED; and

**IT IS FURTHER ORDERED** that the unredacted versions of docket entry numbers 74 and 84 shall remain sealed pursuant to L. Civ. R. 5.3(c); and

**IT IS FURTHER ORDERED** that the unredacted versions of docket entry numbers 66, 80 and 87 shall be sealed pursuant to L. Civ. R. 5.3(c);

**IT IS FURTHER ORDERED** that on or before __May 2nd__, 2018, the parties shall file a publicly redacted version of docket entries 66, 74, 80, 84 and 87 in which only the internal reference number, the name of the medical provider, the medical provider's account numbers, service date, the "PIN#" s, and Pages 53-60, 69-71, 99, 101-102, 106, 113-114, 119-125, 133, 138, and 141 of the David Friedlander deposition transcript has been has been redacted; and

**IT IS FURTHER ORDERED** that the Court clarifies that the parties may not simply redact entire exhibits, as they proposed, but instead redact only the confidential and protected

information contained in the exhibits.

_____
Hon. Judge Joseph A. Dickson, U.S.M.J.