

Continental Plaza · 411 Hackensack Avenue, Suite 701 · Hackensack, NJ 07601 · (tel&fax) 201.273.7117

February 11, 2022

*Via ECF*

The Honorable James B. Clark, III
United States District Court
Martin Luther King Jr. Federal Building and Courthouse
50 Walnut Street, Room MLK 2A
Newark, New Jersey 07102

     Re: *Morales v. Healthcare Revenue Recovery Group, LLC*
       Case No. 2:15-cv-08401-ES-JAD

Dear Judge Clark:

The parties write pursuant to the Court's Letter Order (ECF No. 155) to submit a joint letter on outstanding discovery disputes. Defendant submits the parties are ready to brief class certification and a motion for summary judgment. Plaintiff seeks additional discovery.

***Plaintiff's Position:*** Plaintiff is ready to move for class certification once Defendant provides the class size limited to the creditor. However, Plaintiff requires the following remaining discovery pertaining to the merits and damages which have not been produced.

- The account notes of class members from the pertinent collection software-Platinum in use on December 3, 2014—the time the unlawful letter was sent.
- Manuals for Ontario Systems FACS, Guaranteed Contacts System and Artiva software products, and CR Software Platinum and Titanium collection systems.
- Defendant's document retention policy.
- Applicable insurance policy.
- Financial statements and balance sheets.
- Written policy regarding internal reference numbers.
- Written policy regarding telephone calls with consumers.
- Website data regarding internal reference numbers.

Furthermore, Plaintiff requires a supplemental Rule 30(b)(6) deposition to complete merits and damages discovery, which can be conducted while the class certification motion is pending.

Plaintiff bears the burden of proving damages "in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C. § 1692k(b)(2).

Hon. James B. Clark, III
*Morales v. Healthcare Revenue Recovery Group, LLC*
February 11, 2022
Page **2** of **2**

***Defendant's Position:*** Defendant objects to the continued production of documents and information because all of the requested information has (1) previously been produced pursuant to prior discovery orders; (2) was not required to be produced or disclosed pursuant to prior discovery Orders; and/or (3) is not required to be produced as a matter of law.

Plaintiff's pre-certification request for a class list and additional class account notes was previously denied by Judge Dickson on December 28, 2018 (ECF 113). We are in no different a position than we were in on that date. In addition, Defendant previously provided account notes for three individuals which was deemed sufficient by the Court at this stage. Id. In similar fashion, Plaintiff's request for financials was denied by the Court at a case management conference on September 28, 2018. (ECF 103). Further, Plaintiff has failed to identify any reason for additional Rule 30(b)(6) depositions before class certification and dispositive motions.

At its core, this is a case is very simple. Plaintiff alleges that characters contained in a barcode on a collection letter he received violate the FDCPA. However, Plaintiff requests documents wholly irrelevant to the merits of this claim such as:

- Account notes of class members from the collection software (Platinum);
- Manuals for Ontario Systems FACS, Guaranteed Contacts System and Artiva software products, and CR Software Platinum and Titanium collection systems;
- Defendant's document retention policy;
- Defendant's full insurance policy;
- Financial statements and balance sheets;
- Written policies on internal reference numbers;
- Written parties concerning telephone calls with consumers; and
- Website data concerning internal reference numbers;

Relevancy and proportionality govern the scope of discovery. Fed. R. Civ. P. 26(b)(1). When the relevancy of a discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request. Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000). These requests are irrelevant to class certification and the proportionality of them outweighs any utility the information would have in this case. To that end, Plaintiff has failed to make any showing as to how the present discovery requested relates in any way to their barcode FDCPA claims.

Accordingly, Defendant respectfully submits that discovery should remain closed at this stage. Thank you for Your Honor's time and consideration.

*      *      *

Hon. James B. Clark, III
*Morales v. Healthcare Revenue Recovery Group, LLC*
February 11, 2022
Page **3** of **2**

The parties thank you for Your Honor's time and consideration.

                                        Very truly yours,

                                        *s/Yongmoon Kim*
                                        Yongmoon Kim, Esq.
                                        KIM LAW FIRM LLC

cc:     All Counsel of Record (*via ECF*)