# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

NEW JERSEY OFFICE
*Cherry Tree Corporate Center*
*Suite 501*
*535 Route 38 East*
*Cherry Hill, NJ 08002*
*(856) 663-4300 Fax: (856) 663-4439*

**Jonathan R. Stuckel**
Member NJ & PA Bars
(856) 406-1319
JStuckel@moodklaw.com

October 6, 2022

*Via ECF*
The Honorable James B. Clark, U.S.M.J.
United States District Court of New Jersey
Martin Luther King Jr. Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

   Re: Morales v. Healthcare Revenue Recovery Group, LLC
     Case No. 2:15-cv-08401-ES-JAD

Dear Judge Clark:

  My firm represents Defendant Healthcare Revenue Recovery Group, LLC in the above matter. Plaintiff filed a letter requesting an extension of the class certification deadline to November 7, 2022, and made multiple misrepresentations about Defendant's amended discovery production that require further clarification. (ECF 180).

  First, Defendant fully complied with the Court's last Order (ECF 179), which required Defendant to produce amended class account notes that included the "CRS" internal reference numbers. Nothing further was required. Nevertheless, Plaintiff raises the following "discrepancies" which were already addressed directly to counsel via multiple emails:

1. Plaintiff alleges that 60,986 accounts "did not have the associated internal reference numbers."
   - This is a misrepresentation of the data and was fully explained to counsel on more than one occasion. 60,986 accounts in fact lack "CRS" numbers. The "CRS" number is unique to the Defendant's "Platinum" collection software, which was decommissioned in March of 2015. Accounts created after that date do not have a CRS number. Rather, those account have "FACS" software internal reference numbers.

{M0268707.1}

| Philadelphia | Pittsburgh | Westchester County | Wilmington | Towson | New York |
|---|---|---|---|---|---|
| Pennsylvania | Pennsylvania | New York | Delaware | Maryland | New York |

2. Plaintiff claims that 175 accounts share internal reference numbers.
   - The undersigned asked counsel to provide examples of same and, to date, nothing has been provided. Notwithstanding this, Plaintiff should be well aware that IRNs are not necessarily unique to only one debtor. David Friedlander previously testified for Defendant to this fact. Judge Salas also quoted this testimony in her July 14, 2019 Opinion, in which She states, "[t]he IRN…could pertain to ten to 20 to even 25 other people." (ECF 122, para. 5). It is unclear why Plaintiff waited **over 3 years** to raise this issue after Judge Salas first noted it.

3. Plaintiff correctly points out that the initial amended document production sent to counsel on September 13, 2022 contained 1,341 fewer accounts.
   - Defendant mistakenly generated an output with an incorrect date range. This was corrected on October 3, 2022, and Plaintiff now has the full and complete production. Plaintiff's letter to the Court fails to note this.

In summary, there is no outstanding discovery issue. Defendant neither joins nor opposes Plaintiff's request for an extension of the motion for certification filing deadline. However, should the Court grant this request, it is respectfully requested that the Defendant's deadline to file the motion for summary judgment be extended by the same amount of time. This is because the Court's last scheduling Order (ECF 179) contains the same deadlines for the initial motion for class certification and summary judgment, for the opposition briefs for each motion, and for the reply briefs for each motion.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

*/s/ Jonathan R. Stuckel*_____
Christian M. Scheuerman, Esquire
Jonathan R. Stuckel, Esquire

CMS/emm
Cc: All Counsel of Record (via ECF)

{M0268707.1}