# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT STREET
ROOM 5076
NEWARK, NJ 07101
973-297-4887

July 19, 2018

## LETTER ORDER

Re:   *Morales v. Healthcare Revenue Recovery Grp., LLC*
      Civil Action No. 15-8401 (ES) (JAD)

Dear Counsel:

Pending before the Court is Defendant's motion for summary judgment. (D.E. Nos. 80 & 94). In opposing Defendant's motion, Plaintiff filed an application under Federal Rule of Procedure 56(d), in which Plaintiff requests additional discovery. (D.E. Nos. 84-3 & 95-3).

A district court is "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988).[1] If a party opposing summary judgment "believes that s/he needs additional time for discovery, Rule 56(d) specifies the procedure to be followed." *Pa., Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012). Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

"District courts usually grant properly filed Rule [56(d)] motions as a matter of course." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007). "This is particularly so when there are discovery requests outstanding or relevant facts are under the control of the moving party." *Id.* "If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion." *Id.* "And whatever its decision, it is 'improper' for a district court to rule on summary judgment without first ruling on a pending Rule [56(d)] motion." *Id.*

A Rule 56(d) motion should "be accompanied by a supporting affidavit detailing what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Superior Offshore Int'l, Inc. v. Bristow Grp.*, 490 F. App'x 492, 501 (3d Cir. 2012).

---

[1] Unless otherwise indicated, all internal quotation marks and citations are omitted.

1

Here, Plaintiff argues that further discovery is required before Plaintiff can adequately respond to Defendant's summary-judgment motion. (*See* D.E. No. 95 at 5; D.E. No. 95-3). As for the particular information sought, Plaintiff outlines the specific discovery that he contends is required in the Declaration of Yongmoon Kim, which provides in part:

- "Plaintiff has requested, and has continuously requested from Defendant, specific additional discovery—namely the account notes from Defendant's discontinued Platinum collection software—that is material to the arguments and allegations of fact upon which its Motion for Summary Judgment is based."

- "In a letter dated October 3, 2017 Plaintiff, once again, identified deficiencies in Defendant's responses to Plaintiff's Supplemental Discovery Requests served upon Defendant."

- "Based upon the delineated admissions of Defendant in the Rule 30(b)(6) deposition of its designated representative, Plaintiff requested the meaning of various abbreviations, numbers, letters and numerals used in its data maintenance systems. . . ."

(D.E. No. 95-3 ¶¶ 25, 40-41).

As for how, if uncovered, the requested information would preclude summary judgment, Plaintiff asserts (among other reasons) that "Plaintiff seeks these documents to be able to contradict the underlying 'benign language' assertion in Defendant's Motion," and "the receipt of the additional documents and information concerning the account data . . . will successfully demonstrate that there exists genuine issues of fact that must be tried in order to fully determine the extent of the information that is revealed by this particular barcode." (*Id.* ¶¶ 29, 45).

And for why this discovery has not been previously obtained, Plaintiff alleges that "Defendant has continuously thwarted the production of relevant and material documents," and "[t]he failure of Defendant to produce this evidence is the direct and sole result of a campaign of dilatory and obstructionist tactics by Defendant in a concerted effort not to disclose evidence that will substantiate the underlying premise of Plaintiff's causes of action . . . ." (*Id.* ¶¶ 27-28).

In light of these facts and under the Court's inherent authority to manage the disposition of civil matters appearing on its docket and to promote judicial economy,[2] the Court will DENY *without prejudice* Defendant's motion for summary judgment as premature. The parties must contact the Chambers of the Honorable Joseph A. Dickson, U.S.M.J., to address the discovery issues raised in Plaintiff's Rule 56(d) application within 10 days of the date of this Letter Order. Defendant may refile its summary-judgment motion after Magistrate Judge Dickson resolves the parties' outstanding discovery issues.

---

[2] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases.").

2

The Clerk of Court shall TERMINATE docket entry number 80.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**