# EXHIBIT "C"

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

LETTER ORDER

December 27, 2018

*To all counsel of record via ECF*

Re: **Alejandro Morales v. Healthcare Revenue Recovery Group, LLC et al.**
    **Civil Action No.: 15-08401 (ES) (JAD)**

Dear Counsel:

This matter comes before the Court by way of plaintiff Alejandro Morales's ("Plaintiff") informal application to compel defendant Healthcare Revenue Recovery Group, LLC ("HRRG" or "Defendant") to produce additional discovery. (ECF No. 107). Specifically, Plaintiff seeks account notes or archival account numbers from Defendant's prior debt collection software. (Id.). Upon careful consideration of the parties' submissions, (ECF Nos. 107, 109), and the balance of the docket, and for the reasons set forth below, Plaintiff's application is **DENIED**.

I. **BACKGROUND**

Plaintiff initiated this proposed class action against Defendant, a collection agency, on December 2, 2015, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (See generally Compl., ECF No. 1). Specifically, Plaintiff claims Defendant violated 15 U.SC. § 1692f(8), which prohibits a debt collector from

> [u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

(Id. at ¶ 31). Plaintiff claims that Defendant, in attempting to collect on a past due medical account, mailed Plaintiff a collection letter in a window envelope. (Id. at ¶¶ 13-22). In addition to revealing Plaintiff's name and address, the window allegedly revealed a barcode, which Plaintiff claims contained his account number associated with the debt and which could be easily accessed and scanned by anyone with a barcode-scanning application on their smartphone. (Id. at ¶¶ 23-29). Plaintiff contends that the barcode constitutes impermissible language or symbols under 15 U.SC. § 1692f(8) because it "recklessly avail[s] Plaintiff's personal identifying information to the public." (Id. at ¶ 30-32). Plaintiff brings such claims on behalf of himself and others similarly situated who have received collection letters from Defendant that expose a barcode in the envelope window. (Id. at ¶ 36).

Since the initiation of this action three years ago, the Court has tightly managed the discovery process in this case, holding a total of eight conferences and addressing numerous discovery disputes between the parties. Indeed, on June 5, 2017, the Court held a hearing on the record to resolve any remaining disputes, including the particular dispute over account notes that is the subject of this Letter Order, before the Court would consider setting a summary judgment briefing schedule. (See generally Tr. of June 5, 2017 Status Conference Hr'g at 4:25-5:8, ECF No. 61).

At this hearing, Plaintiff stated that he needed account notes from Defendant's prior collection software, as the software used to mail the collection letter underlying this action is different from the software Defendant currently uses. (Id. at 9:14-10:3). Plaintiff later stated that he needed class discovery in the form of the class list and account notes for all the class members. (Id. at 13:23-25). However, the Court made clear that before addressing class size and net worth, "we need to clear up all the facts in this case where they would go to liability" related to the bar

code issue. (Id. at 14:1-3, 18:19-23). To eliminate further confusion and delay related to the production of discovery, the Court ordered Plaintiff to review the discovery he already received and then send a letter to Defendant articulating exactly what written discovery Plaintiff still needed. (Id. at 19:4-8).

While Plaintiff did not serve his supplemental discovery requests on Defendant within the two-week timeframe ordered by the Court, (see June 21, 2017 Letter, ECF No. 58), it appears that Plaintiff did eventually request supplemental discovery from Defendant, and that Defendant served responses to such requests on August 29, 2017. (Sept. 22, 2017 Letter, ECF No. 60). However, Plaintiff argued that Defendant's responses were insufficient and that Defendant failed to produce requested documents. (Oct. 6, 2017 Letter, ECF No. 62). The Court held a telephone status conference off the record on October 19, 2017, to address the dispute, and instructed Defendant to file its summary judgment motion by November 22, 2017. (ECF No. 63). Over the next several months, the parties engaged in summary judgment motion practice.

The Court did not receive any further letters from the parties raising discovery issues until March 5, 2018, when Plaintiff filed his Brief in Opposition to Defendant's Motion for Summary Judgment. (ECF No. 84). Plaintiff's Opposition included a Rule 56(d) application again requesting the account notes from Defendant's prior collection software. (See generally Decl. of Yongmoon Kim ¶ 25, ECF No. 84-3). Considering the facts raised in Plaintiff's Rule 56(d) application, and exercising the Court's inherent authority to manage disposition of civil matters appearing on its docket, the Honorable Esther Salas, U.S.D.J., denied without prejudice Defendant's Motion for Summary Judgment as premature and ordered the parties to contact the Chambers of this Court to address and resolve the parties' outstanding discovery issues. (Letter Order, ECF No. 97).

On September 28, 2018, the Court held an in-person status conference off the record to resolve the ongoing discovery disputes. Pursuant to the Court's instruction at this conference, Defendant reported on October 31, 2018, that it had provided Plaintiff with account notes from Defendant's prior collection software for Plaintiff's account and the accounts of two other potential class members. (ECF No. 104). Plaintiff, in his informal application to compel, argued that the production of account notes for these three individuals was insufficient, and requested rather generally that the Defendant produce account notes from its prior collection software because they are "material to the arguments and allegations of fact upon which Defendant's Motion for Summary Judgment is based." (Nov. 9, 2018 Letter, ECF No. 107). Defendant argued that this was the first time Plaintiff demanded account notes for the entire potential class, and requested that the Court deny "Plaintiff's attempted fishing expedition." (Nov. 28, 2018 Letter, ECF No. 109).

## II.  ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) defines the scope of permissible discovery in a civil action. Rule 26(b)(1) provides:

> Unless otherwise limited by court order . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Though Rule 26(b)(1) provides for a broad scope of discovery, it is not without limitations. "Federal Rule of Civil Procedure 26(b)(2)(C) vests the Court with the authority to limit a party's pursuit of otherwise discoverable information." Sherrill v. City of

4

Hoboken, No. 16-3092, 2018 WL 5630028, at *4 (D.N.J. Oct. 31, 2018) (citing Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999)). Under Rule 26(b)(2)(C),

> [T]he [C]ourt must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, . . .; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. Pro. 26(b)(2)(C). Furthermore, trial courts have broad discretion to determine the proper scope of discovery under Rule 26, and such determinations will be disturbed only upon a showing of abuse of this discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987); Sherrill, 2018 WL 5630028, at *2.

Plaintiff's recent demand for additional account notes from the prior debt collection software is unreasonably cumulative and untimely at this stage in the case, as Plaintiff has had ample opportunity to delineate precisely what written discovery he still required from Defendant. As of October 31, 2018, Defendant produced account notes from its prior collection software for Plaintiff and two other potential class members. (ECF No. 104). Plaintiff's argument that such production is insufficient fails to identify exactly which account notes Plaintiff still needs and why Plaintiff needs them. For example, Plaintiff generically states that "the production material referred to in Defendant's October 31, 2018 submission . . . does not provide Plaintiff with account notes or legacy/archival account numbers from Defendant's prior collection software, with the mere exception of account notes relating to Plaintiff and two other potential class members." (November 9, 2018 Letter, ECF No. 107).

Moreover, Plaintiff, stating only that "the requested discovery will allow Plaintiff to establish triable issues of fact that will preclude the granting of Defendant's Motion for Summary Judgment," fails to offer any compelling reason as to why he needs the additional account notes

when he is already in possession of account notes for Plaintiff and two other individuals. Without an articulate and substantive explanation as to why Plaintiff requires additional account notes to proceed at the summary judgment stage, the Court agrees with Defendant in that Plaintiff is engaging in what appears to be nothing more than a fishing expedition delaying Defendant's Motion for Summary Judgment.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's informal application to compel Defendant to produce additional account notes from its prior collection software is denied at this time. Should Plaintiff request such account notes during class discovery, the Court will address that issue at the appropriate time. Defendant shall refile its Motion for Summary Judgment on or before January 9, 2019.

**SO ORDERED**

JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Esther Salas, U.S.D.J.