# EXHIBIT "H"

MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.
BY: Christian M. Scheuerman, Esquire
Cherry Tree Corporate Center
Suite 501
535 Route 38 East
Cherry Hill, NJ 08002
(856) 663-4300

ATTORNEY FOR DEFENDANT
Healthcare Revenue Recovery Group, LLC

190-100509 (SXK/CMS)

Alejandro Morales, *on behalf of himself and those similarly situated,*

vs.

Healthcare Revenue Recovery Group, LLC

UNITED STATES DISTRICT COURT
OF NEW JERSEY
NEWARK VICINAGE

DOCKET NO. 2:15-cv-08401-ES-JAD

CIVIL ACTION

DEFENDANT'S RESPONSES TO
PLAINTIFF'S REQUESTS FOR
ADMISSIONS

Defendant Healthcare Revenue Recovery Group, LLC, hereby responds to the Plaintiff's Request for Admissions as follows:

1. Request for Admission No. 1: PLAINTIFF is a natural person obligated or allegedly obligated to pay a DEBT for a medical account.

   **ANSWER:** Admitted that Plaintiff is an actual person obliged to pay a debt.

2. Request for Admission No. 2: PLAINTIFF is a CONSUMER.

   **ANSWER:** Objection. This request seeks an improper legal conclusion.

3. Request for Admission No. 3: YOU regularly collect or attempt to collect, directly or indirectly, DEBTS owed or due or asserted to be owed or due to another.

   **ANSWER:** Objection. This request seeks an improper legal conclusion.

4. Request for Admission No. 4: YOU are a DEBT COLLECTOR.

   **ANSWER:** Objection. This request seeks an improper legal conclusion.

{NJ663114.1}

5. <u>Request for Admission No. 5:</u> YOU attempted to collect a DEBT from the PLAINTIFF.

   **ANSWER:** **Admitted only that the Defendant sent Plaintiff a debt collection letter which is referenced in the Complaint.**

6. <u>Request for Admission No. 6:</u> The OBLIGATION is a DEBT.

   **ANSWER:** **Objection. This request seeks an improper legal conclusion.**

7. <u>Request for Admission No. 7:</u> YOU sent or caused to be sent the COLLECTION COMMUNICATION.

   **ANSWER:** **Objection. This request as phrased is overbroad, vague, and incapable of a response. Without waiving same, Answering Defendant admits that a letter was sent to the Plaintiff on December 3, 2014.**

8. <u>Request for Admission No. 8:</u> The COLLECTION COMMUNICATION was mailed to PLAINTIFF in connection with YOUR attempt to collect a DEBT.

   **ANSWER:** **Objection. This request seeks an improper legal conclusion.**

9. <u>Request for Admission No. 9:</u> YOUR LETTER is a COMMUNICATION.

   **ANSWER:** **Objection. This request seeks an improper legal conclusion.**

10. <u>Request for Admission No. 10:</u> YOU benefit financially when CONSUMERS make a payment in response to their receiving YOUR COMMUNICATIONS, such as the COLLECTION COMMUNICATION.

    **ANSWER:** **Objection. This request as phrased is overbroad, vague, and incapable of a response. This request also seeks an improper legal conclusion.**

11. <u>Request for Admission No. 11:</u> YOU use a TEMPLATE to create, draft or produce your written COMMUNICATION.

    **ANSWER:** **Objection. This request seeks an improper legal conclusion.**

12. <u>Request for Admission No. 12:</u> YOU have DOCUMENTS that memorialize YOUR policies and procedures concerning the content of COMMUNICATIONS, including the COLLECTION COMMUNICATION, that are sent to CONSUMERS.

{NJ663114.1}

      **ANSWER:**    Objection. This request as phrased is overbroad, vague, and incapable of a response. Without waiving same, it is admitted that Answering Defendant has policies and procedures.

13. **Request for Admission No. 13:** YOU have DOCUMENTS that memorialize policies and procedures concerning your collection of DEBTS that CREDITORS hire YOU to collect on their behalf.

    **ANSWER:** Admitted.

14. **Request for Admission No. 14:** YOU reviewed the form of the COLLECTION COMMUNICATION attached as Exhibit A to Plaintiffs Complaint sometime prior to the date they were mailed.

    **ANSWER:** Denied that Answering Defendant has the ability to review anything, as it is a corporate entity.

15. **Request for Admission No. 15:** YOU or an AGENT approved the form of the COLLECTION COMMUNICATION attached as Exhibit A to Plaintiffs Complaint sometime prior to the date they were sent.

    **ANSWER:** Admitted that Answering Defendant approved the December 3, 2014 letter sent to the Plaintiff.

16. **Request for Admission No. 16:** ▇▇▇▇ is a file number associated with the OBLIGATION.

    **ANSWER:** Denied.

17. **Request for Admission No. 17:** ▇▇▇▇ is a reference number associated with the OBLIGATION.

    **ANSWER:** Denied.

18. **Request for Admission No. 18:** ▇▇▇▇ is an account number associated with the OBLIGATION.

    **ANSWER:** Denied.

19. **Request for Admission No. 19:** ▇▇▇▇ is a registration code associated with the OBLIGATION.

{NJ663114.1}

    **ANSWER:** Denied.

20. **Request for Admission No. 20:** ▓▓▓▓ is a unique identification number associated with the OBLIGATION.

    **ANSWER:** Objection. This request seeks an improper legal conclusion.

21. **Request for Admission No. 21:** At the time the LETTER was mailed, the barcode was visible from outside the sealed envelope which contained the LETTER.

    **ANSWER:** Denied. Answering Defendant has no present knowledge of the state of the letter and envelope after it was placed in the mail. Answering Defendant has made a reasonable inquiry, but the information it knows or can readily obtain is insufficient.

22. **Request for Admission No. 22:** At the time the LETTER was mailed, the barcode—which when read or scanned revealed "▓▓▓▓" was visible from outside the sealed envelope which contained the LETTER.

    **ANSWER:** Denied. Answering Defendant has no present knowledge of the state of the letter and envelope after it was placed in the mail. Answering Defendant has made a reasonable inquiry, but the information it knows or can readily obtain is insufficient.

23. **Request for Admission No. 23:** During the TERM, YOU sent a written COMMUNICATION in a windowed envelope such that a barcode was visible from outside the envelope, which barcode when read or scanned revealed the file number, reference number, registration code, account number or other unique identification number associated with the DEBT, to at least 40 CONSUMERS who reside in the State of New Jersey, in connection with YOUR attempt to collect a DEBT.

    **ANSWER:** Denied. Answering Defendant has no present knowledge of the state of the letter and envelope after it was placed in the mail. Answering Defendant has made a reasonable inquiry, but the information it knows or can readily obtain is insufficient.

24. **Request for Admission No. 24:** During the TERM, YOU sent a written COMMUNICATION in a windowed envelope such that a barcode was visible from outside the envelope, which barcode when read or scanned revealed the file number, reference number, registration code, account number or other unique identification number associated with the DEBT, to at least 100 CONSUMERS who reside in the State of New Jersey, in connection with YOUR attempt to collect a DEBT.

{NJ663114.1}

      **ANSWER:**    Denied. Answering Defendant has no present knowledge of the state of the letter and envelope after it was placed in the mail. Answering Defendant has made a reasonable inquiry, but the information it knows or can readily obtain is insufficient.

25.    Request for Admission No. 25: During the TERM, YOU sent a written COMMUNICATION in a windowed envelope such that a barcode was visible from outside the envelope, which barcode when read or scanned revealed the file number, reference number, registration code, account number or other unique identification number associated with the DEBT, to at least 500 CONSUMERS who reside in the State of New Jersey, in connection with YOUR attempt to collect a DEBT.

      **ANSWER:**    Denied. Answering Defendant has no present knowledge of the state of the letter and envelope after it was placed in the mail. Answering Defendant has made a reasonable inquiry, but the information it knows or can readily obtain is insufficient.

26.    Request for Admission No. 26: During the TERM, YOU sent a written COMMUNICATION in a windowed envelope such that a barcode was visible from outside the envelope, which barcode when read or scanned revealed the file number, reference number, registration code, account number or other unique identification number associated with the DEBT, to at least 1,000 CONSUMERS who reside in the State of New Jersey, in connection with YOUR attempt to collect a DEBT.

      **ANSWER:**    Denied. Answering Defendant has no present knowledge of the state of the letter and envelope after it was placed in the mail. Answering Defendant has made a reasonable inquiry, but the information it knows or can readily obtain is insufficient.

27.    Request for Admission No. 27: During the TERM, YOU sent a written COMMUNICATION in a windowed envelope such that a barcode was visible from outside the envelope, which barcode when read or scanned revealed the file number, reference number, registration code, account number or other unique identification number associated with the DEBT, to at least 5,000 CONSUMERS who reside in the State of New Jersey, in connection with YOUR attempt to collect a DEBT.

      **ANSWER:**    Denied. Answering Defendant has no present knowledge of the state of the letter and envelope after it was placed in the mail. Answering Defendant has made a reasonable inquiry, but the information it knows or can readily obtain is insufficient.

{NJ663114.1}

28. Request for Admission No. 28: During the TERM, YOU sent a written COMMUNICATION in a windowed envelope such that a barcode was visible from outside the envelope, which barcode when read or scanned revealed the file number, reference number, registration code, account number or other unique identification number associated with the DEBT, to at least 10,000 CONSUMERS who reside in the State of New Jersey, in connection with YOUR attempt to collect a DEBT.

    ANSWER: Denied. Answering Defendant has no present knowledge of the state of the letter and envelope after it was placed in the mail. Answering Defendant has made a reasonable inquiry, but the information it knows or can readily obtain is insufficient.

29. Request for Admission No. 29: Members of the CLASS can be IDENTIFIED using YOUR business records.

    ANSWER: Denied. Answering Defendant has no present knowledge of the state of the letter and envelope after it was placed in the mail. Answering Defendant has made a reasonable inquiry, but the information it knows or can readily obtain is insufficient.

30. Request for Admission No. 30: YOUR net worth is in excess of $ 1,000,000.00.

    ANSWER: Objection. This request as phrased is overbroad, vague, and incapable of a response. Among other things, the class has not yet been certified so such discovery at this point is premature.

31. Request for Admission No. 31: YOUR net worth is in excess of $5,000,000.00.

    ANSWER: Objection. This request as phrased is overbroad, vague, and incapable of a response. Among other things, the class has not yet been certified so such discovery at this point is premature.

32. Request for Admission No. 32: YOUR net worth is in excess of $10,000,000.00.

    ANSWER: Objection. This request as phrased is overbroad, vague, and incapable of a response. Among other things, the class has not yet been certified so such discovery at this point is premature.

33. Request for Admission No. 33: YOUR net worth is in excess of $25,000,000.00

      **ANSWER:**    Objection. This request as phrased is overbroad, vague, and capable of a response. Among other things, the class has not yet been certified so such discovery at this point is premature.

34.    Request for Admission No. 34: YOUR net worth is in excess of $50,000,000.00.

      **ANSWER:**    Objection. This request as phrased is overbroad, vague, and incapable of a response. Among other things, the class has not yet been certified so such discovery at this point is premature.

 

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

*/s/ Christian M. Scheuerman, Esquire*
Christian M. Scheuerman, Esquire

{NJ663114.1}