Philip D. Stern
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
(201) 273-7117
*Attorneys for Plaintiff Alejandro Morales*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO MORALES, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>*vs.*<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC,<br><br>Defendant. | Case No. 2:15-cv-08401-EP-JBC<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS** |

Plaintiff Alejandro Morales provides the following Responses to Defendant Healthcare Revenue Recovery Group, LLC's *Statement of Material Facts Not in Dispute in Support of Summary Judgment Motion*:

1. The Complaint alleges that a debt collection letter was sent by HRRG to Plaintiff on December 3, 2014, which contained a barcode with an embedded account number. (See Complaint, attached as **Exhibit A**, par. 23-26).

**RESPONSE:**   Plaintiff **objects** to the statement because it is not a statement of any fact which is material to resolving Defendant's Motion. A

summary judgment motion pierces the pleadings and, instead, depends on an evidential record—not allegations. The Complaint's allegations are evidence of nothing more than that the allegations were made but are not evidence of the alleged facts.

Plaintiff **disputes** the statement to the extent the Complaint's allegations differ from Defendant's characterization of its allegations.

2. The letter was allegedly sent by HRRG using a "window envelope," in which the barcode was visible on the envelope through the window. (**Exhibit A**, par. 24).

**RESPONSE:** Plaintiff **objects** to the statement because it is not a statement of any fact which is material to resolving Defendant's Motion. A summary judgment motion pierces the pleadings and, instead, depends on an evidential record—not allegations. The Complaint's allegations are evidence of nothing more than that the allegations were made but are not evidence of the alleged facts.

This statement is **disputed** to the extent the Complaint's allegations differ from Defendant's characterization of its allegations.

Regarding the substance of the statement—*i.e.*, a description of the letter's envelope—this Court is bound by and Defendant is

estopped from relitigating the U.S. Court of Appeals' finding

based on the evidential record established by Defendant regarding

the letter's envelope:

> A smartphone could scan the envelope's barcode to reveal an "Internal Reference Number" (IRN)—UM###2—and the first ten characters of Morales's street address.

*Morales*, 859 F. App'x at 626.

3. Plaintiff alleges that a third-party can scan the barcode and obtain his account number. (**Exhibit A**, par. 27).

**RESPONSE:**   Plaintiff **objects** to the statement because it is not a statement of

any fact which is material to resolving Defendant's Motion. A

summary judgment motion pierces the pleadings and, instead,

depends on an evidential record—not allegations. The Complaint's

allegations are evidence of nothing more than that the allegations

were made but are not evidence of the alleged facts.

This statement is **disputed** to the extent the Complaint's

allegations differ from Defendant's characterization of its

allegations.

Regarding the substance of the statement—*i.e.*, a description

of the letter's envelope—this Court is bound by and Defendant is

estopped from relitigating the U.S. Court of Appeals' finding

based on the evidential record established by Defendant regarding

the letter's envelope:

> A smartphone could scan the envelope's barcode to
> reveal an "Internal Reference Number" (IRN)—
> UM###2—and the first ten characters of Morales's
> street address.

*Morales*, 859 F. App'x at 626.

5.      HRRG first moved for summary judgment on January 30, 2018. (ECF 80).

**RESPONSE:**   Plaintiff **objects** to the statement because it is not a statement of

any fact which is material to resolving Defendant's Motion. The

statement is a *procedural fact*. When or how often Defendant

moved for summary judgment is not relevant to any issue raised by

the instant motion. Subject to objection, Plaintiff does **not dispute**

when Defendant filed its motion.

6.      On July 19, 2018, the Court denied the motion without prejudice beause [sic]

the Plaintiff alleged that further discovery was necessary before the Court could

rule on the motion. (See July 19, 2018 Letter Order, attached as **Exhibit B**).

**RESPONSE:**   Plaintiff **objects** to the statement because it is not a statement of

any fact which is material to resolving Defendant's Motion.

The statement is **disputed in part**. The statement asserts the *procedural fact* that Defendant's first summary judgment motion was denied—a fact which is **not disputed**. However, the statement is **disputed** to the extent the Defendant's characterization of the *reasons* for such denial differs from those stated in the July 19, 2018 Letter Order.

7. A case management conference was held with Judge Dickson on September 28, 2018, to address the discovery issue. (ECF 103).

RESPONSE:    Plaintiff **objects** to the statement because it is not a statement of any fact which is material to resolving Defendant's Motion. The statement is a *procedural fact*. The holding of a case management conference is not relevant to any issue raised by the instant motion.

Subject to objection, Plaintiff does **not dispute** that there was a case management conference held on September 28, 2018.

8. Thereafter, on December 28, 2018, Judge Dickson issued a Letter Order denying the Plaintiff's additional discovery request. (See December 28, 2018 Letter Order, attached as **Exhibit C**).

**RESPONSE:**    Plaintiff **objects** to the statement because it is not a statement of any fact which is material to resolving Defendant's Motion.

Subject to objection, the statement is **disputed in part**.

Plaintiff does **not dispute** that there was a Letter Order entered on

December 28, 2018 but **disputes** Defendant's characterization of

that Order to the extent it differs from the content of the Order.

9. Judge Dickson Ordered HRRG to refile for summary judgement by January 9,

2019. (**Exhibit C**, pg. 6).

**RESPONSE:**   Plaintiff **objects** to the statement because it is not a statement of

any fact which is material to resolving Defendant's Motion. The

statement is a *procedural fact*. The refiling of Defendant's prior

summary judgment motion is not relevant to any issue raised by

the instant motion.

Subject to objection, Plaintiff does **not dispute** when

Defendant filed its motion.

10. Per the Court's Order, HRRG filed a second motion for summary judgment on

January 9, 2019, which was ultimately granted by Judge Salas but then reversed by

the Third Circuit. (ECF 114).

**RESPONSE:**   Plaintiff **objects** to the statement because it is not a statement of

any fact which is material to resolving Defendant's Motion. The

statement is a *procedural fact*. The refiling of Defendant's prior

summary judgment motion and its granting by Judge Salas is not

relevant to any issue raised by the instant motion.

Subject to objection, Plaintiff does **not dispute** the facts

asserted in this statement.

11. On July 24, 2019, the Court granted HRRG's motion for summary judgment. (See July 24, 2019 Opinion, attached as **Exhibit D**).

**RESPONSE:** This *procedural fact* is **not disputed** but Plaintiff **objects** because it is not a fact which is material to resolving Defendant's Motion. Nothing in the July 24, 2019 Opinion can affect any issue relevant to Defendant's pending summary judgment motion because the Court of Appeals *reversed* the Order which was based on that Opinion, as well as the Order denying Plaintiff's motion for reconsideration. *Morales, supra.*

12. The Court ruled that Plaintiff lacked Article III standing to pursue the claim because the, "alleged injury is not itself concrete and the alleged risk of [invasion of privacy or 'harm to the consumer'] is too speculative to satisfy the requirement of concreteness." (**Exhibit D**, par. 10).

**RESPONSE:** Plaintiff **objects** to the Court's consideration of that Opinion because the Court of Appeals *reversed* the Order which was based

on that Opinion as well as the Order denying Plaintiff's

reconsideration motion. *Morales, supra*.

> Subject to his objection, Plaintiff **disputes** the statement to
the extent it is in conflict with the decision in *Morales* which
stated:

>> The envelope's barcode disclosed Morales's
>> protected information, which caused a concrete
>> injury in fact under the FDCPA. So we will reverse
>> the District Court's order dismissing Morales's
>> action for lack of standing and its order denying
>> Morales's motion to reconsider. We will also affirm
>> the District Court's discovery order and remand the
>> case for further proceedings.

> *Morales*, 859 F. App'x at 628. Therefore, Defendant cannot now
argue (1) its envelope did not disclose protected information or (2)
the facts as presented in its prior summary judgment motion did
not establish Plaintiff's Article III standing.

13. In so ruling, Judge Salas found that, "[d]iscovery has revealed . . . that the
aforementioned 'personal account number' is merely an 'internal reference
number' (IRN)." (**Exhibit D**, par. 5).

**RESPONSE:**   Plaintiff **objects** to the Court's consideration of that Opinion
because the Court of Appeals *reversed* the Order which was based

on that Opinion as well as the Order denying Plaintiff's

reconsideration motion. *Morales, supra.*

   Subject to his objection, Plaintiff **disputes** the statement to

the extent it is in conflict with the decision in *Morales* which

stated:

> The envelope's barcode disclosed Morales's
> protected information, which caused a concrete
> injury in fact under the FDCPA. So we will reverse
> the District Court's order dismissing Morales's
> action for lack of standing and its order denying
> Morales's motion to reconsider. We will also affirm
> the District Court's discovery order and remand the
> case for further proceedings.

*Morales*, 859 F. App'x at 628. Therefore, Defendant cannot now

argue (1) its envelope did not disclose protected information or (2)

the facts as presented in its prior summary judgment motion did

not establish Plaintiff's Article III standing.

14. Judge Salas also found that "uncontroverted deposition testimony specifically

distinguished an IRN from an 'account number.'" (**Exhibit D**, par. 5).

**RESPONSE:** Plaintiff **objects** to the Court's consideration of that Opinion

because the Court of Appeals ***reversed*** the Order which was based

on that Opinion as well as the Order denying Plaintiff's

reconsideration motion. *Morales, supra.*

Subject to his objection, Plaintiff **disputes** the statement to the extent it is in conflict with the decision in *Morales* which stated:

> The envelope's barcode disclosed Morales's protected information, which caused a concrete injury in fact under the FDCPA. So we will reverse the District Court's order dismissing Morales's action for lack of standing and its order denying Morales's motion to reconsider. We will also affirm the District Court's discovery order and remand the case for further proceedings.

*Morales*, 859 F. App'x at 628. Therefore, Defendant cannot now argue (1) its envelope did not disclose protected information or (2) the facts as presented in its prior summary judgment motion did not establish Plaintiff's Article III standing.

15. To be clear, the Court ruled that it was uncontroverted that the barcode at issue in this matter does not contain any portion of the account number. (**Exhibit D**, par. 5).

**RESPONSE:**   Plaintiff **objects** to the Court's consideration of that Opinion because the Court of Appeals ***reversed*** the Order which was based on that Opinion as well as the Order denying Plaintiff's reconsideration motion. *Morales, supra*.

Subject to his objection, Plaintiff **disputes** the statement to the extent it is in conflict with the decision in *Morales* which stated:

> The envelope's barcode disclosed Morales's protected information, which caused a concrete injury in fact under the FDCPA. So we will reverse the District Court's order dismissing Morales's action for lack of standing and its order denying Morales's motion to reconsider. We will also affirm the District Court's discovery order and remand the case for further proceedings.

*Morales*, 859 F. App'x at 628. Therefore, Defendant cannot now argue (1) its envelope did not disclose protected information or (2) the facts as presented in its prior summary judgment motion did not establish Plaintiff's Article III standing.

With respect to Defendant's argument that the IRN barcode did not reveal an account number, the Third Circuit concluded that the argument "fall[s] flat" because "[a]ccount numbers are but one type of protected information" and the Third Circuit found that Defendant's IRN is protected information. *Id.* at 627-28.

16. Further, Judge Salas ruled that the IRN derivable from a scan of the barcode "might not be unique to [Plaintiff]" and could pertain to "ten to 20 to even 25" other people. (**Exhibit D**, par. 5).

**RESPONSE:**     Plaintiff **objects** to the Court's consideration of that Opinion because the Court of Appeals ***reversed*** the Order which was based on that Opinion as well as the Order denying Plaintiff's reconsideration motion. *Morales, supra.*

Subject to his objection, Plaintiff **disputes** the statement to the extent it is in conflict with the decision in *Morales* which stated:

> The envelope's barcode disclosed Morales's protected information, which caused a concrete injury in fact under the FDCPA. So we will reverse the District Court's order dismissing Morales's action for lack of standing and its order denying Morales's motion to reconsider. We will also affirm the District Court's discovery order and remand the case for further proceedings.

*Morales*, 859 F. App'x at 628. Therefore, Defendant cannot now argue (1) its envelope did not disclose protected information or (2) the facts as presented in its prior summary judgment motion did not establish Plaintiff's Article III standing.

Furthermore, the Third Circuit rejected the argument made by Defendant and adopted by Judge Salas which is based on the use of the IRN for multiple debtors.

17. **Judge Salas further found that Plaintiff failed to articulate how a scan of**

the barcode could be used to identify a debtor's identity or any personal

financial information. She stated that, "[t]he record is devoid of evidence to

the contrary." (**Exhibit D**, par. 6).

**RESPONSE:**     Plaintiff **objects** to the Court's consideration of that Opinion

because the Court of Appeals ***reversed*** the Order which was based

on that Opinion as well as the Order denying Plaintiff's

reconsideration motion. *Morales, supra*.

Subject to his objection, based on the evidential record on

Defendant's prior summary judgment motion, the Third Circuit

found:

> In this appeal, we must decide whether this IRN
> (UM###2) is protected like the *DiNaples* account
> number (LU4.###1813.3683994). *See* 934 F.3d at
> 278. To answer this question, we turn to the record.
> We begin by acknowledging, as HRRG argues, that
> others may "potentially" share Morales's IRN. *See*
> Dist. Ct. Dkt. No. 135-4, at 8-9, 12. Even so, the
> IRN's uses reveal its disclosure was a concrete
> injury.
> HRRG's representative first explained that the
> company software generated IRNs to link incoming
> debt collection requests with debtor information in
> a database. *Id.* at 11-12. The IRN was key to
> processing undeliverable mail. *See id.* at 17, 19.
> Workers scanned the returned envelopes' barcodes,
> and when a barcode matched a database record,
> HRRG knew it could no longer reach the debtor at
> that address. *See id.* And the IRN could enable
> public access to the account. A phone call to HRRG
> with the IRN and a second piece of information, like

a birthdate, allowed account access. *Id.* at 14.
HRRG's website also allowed anyone with the IRN
and information visible on the envelope, together
with an email address, to update some of the
debtor's contact information. *Id.* at 16.

In sum, just as the QR code in *DiNaples* might
disclose the debtor's financial predicament, so too
could Morales's barcode. In both cases, the
numbers are only assigned to debtors. *See id.* at 10-
11; *DiNaples*, 934 F.3d at 278-80. And the IRN
enabled identification in at least three ways. In
essence, the IRN is "a piece of information capable
of identifying [Morales] as a debtor," so its
disclosure was a concrete harm. *Douglass*, 765 F.3d
at 306.

*Morales*, 859 F. App'x at 627.

18. Plaintiff filed a motion for reconsideration of the Court's summary judgment

decision on August 21, 2019. (ECF 123).

**RESPONSE:**   This *procedural fact* is **not disputed** but Plaintiff **objects** because

it is not a fact which is material to resolving Defendant's Motion.

19. On March 13, 2020, the Court denied Plaintiff's motion for reconsideration

citing, among other findings, that "**nothing in this record even suggests that the**

**IRN implicates any of the core concernings on which the FDCPA rests**." (See

March 13, 2020 Opinion, attached as **Exhibit E**, par. 11).

**RESPONSE:**   Plaintiff **objects** to the Court's consideration of that Opinion because the Court of Appeals *reversed* the Order which was based on that Opinion. *Morales, supra.*

20. Judge Salas stated that, "the uncontroverted evidence in this case shows that the internal reference number does not disclose any portion of Plaintiff's account number . . . ." (**Exhibit E**, par. 4).

**RESPONSE:**   Plaintiff **objects** to the Court's consideration of that Opinion because the Court of Appeals *reversed* the Order which was based on that Opinion. *Morales, supra.*

Subject to his objection, Plaintiff **disputes** the statement to the extent it is in conflict with the decision in *Morales* which stated:

> The envelope's barcode disclosed Morales's protected information, which caused a concrete injury in fact under the FDCPA. So we will reverse the District Court's order dismissing Morales's action for lack of standing and its order denying Morales's motion to reconsider. We will also affirm the District Court's discovery order and remand the case for further proceedings.

*Morales*, 859 F. App'x at 628. Therefore, Defendant cannot now argue (1) its envelope did not disclose protected information or (2)

the facts as presented in its prior summary judgment motion did

not establish Plaintiff's Article III standing.

    With respect to Defendant's argument that the IRN barcode

did not reveal an account number, the Third Circuit concluded that

the argument "fall[s] flat" because "[a]ccount numbers are but one

type of protected information" and the Third Circuit found that

Defendant's IRN is protected information. *Id.* at 627-28.

21. Further, Judge Salas found that the "collection letter shows Plaintiff's account

number only on the payment voucher part of the letter, which is not visable without

opening the letter." (**Exhibit E**, par. 11).

**RESPONSE:**    Plaintiff **objects** to the Court's consideration of that Opinion

because the Court of Appeals *reversed* the Order which was based

on that Opinion. *Morales, supra.*

    Subject to his objection, the statement is **disputed in part**.

The statement is **not disputed** to the extent it is consistent with the

Third Circuit's decision which stated, "The letter listed Morales's

account numbers with HRRG and his creditor—but all of that was

hidden." *Morales*, 859 F. App'x at 626. To the extent the statement

differs, it is **disputed**.

22. Judge Salas further ruled that, "**nothing in this record indicates that the IRN**

at issue constitutes the kind of core protected information that an account number implicates. To the contrary, the uncontroverted evidence shows that, when scanned, the barcode does not reveal 'any private information related to Mr. Morales.'" (**Exhibit E**, par. 11).

**RESPONSE:**   Plaintiff **objects** to the Court's consideration of that Opinion because the Court of Appeals *reversed* the Order which was based on that Opinion. *Morales, supra.*

Subject to his objection, the statement is **disputed** based on the evidential record on Defendant's prior summary judgment motion and contrary to Judge Salas's Opinion, the Third Circuit stated as follows:

> In this appeal, we must decide whether this IRN (UM###2) is protected like the *DiNaples* account number (LU4.###1813.3683994). *See* 934 F.3d at 278. To answer this question, we turn to the record. We begin by acknowledging, as HRRG argues, that others may "potentially" share Morales's IRN. *See* Dist. Ct. Dkt. No. 135-4, at 8-9, 12. Even so, the IRN's uses reveal its disclosure was a concrete injury.
>
> HRRG's representative first explained that the company software generated IRNs to link incoming debt collection requests with debtor information in a database. *Id.* at 11-12. The IRN was key to processing undeliverable mail. *See id.* at 17, 19. Workers scanned the returned envelopes' barcodes, and when a barcode matched a database record, HRRG knew it could no longer reach the debtor at that address. *See id.* And the IRN could enable

public access to the account. A phone call to HRRG with the IRN and a second piece of information, like a birthdate, allowed account access. *Id.* at 14. HRRG's website also allowed anyone with the IRN and information visible on the envelope, together with an email address, to update some of the debtor's contact information. *Id.* at 16.

In sum, just as the QR code in *DiNaples* might disclose the debtor's financial predicament, so too could Morales's barcode. In both cases, the numbers are only assigned to debtors. *See id.* at 10-11; *DiNaples*, 934 F.3d at 278-80. And the IRN enabled identification in at least three ways. In essence, the IRN is "a piece of information capable of identifying [Morales] as a debtor," so its disclosure was a concrete harm. *Douglass*, 765 F.3d at 306.

[* * *]

The envelope's barcode disclosed Morales's protected information, which caused a concrete injury in fact under the FDCPA. So we will reverse the District Court's order dismissing Morales's action for lack of standing and its order denying Morales's motion to reconsider. We will also affirm the District Court's discovery order and remand the case for further proceedings.

*Morales*, 859 F. App'x at 627, 628.

23. Critically, Judge Salas conclusively found that, "Plaintiff has provided nothing to show that the IRN, by itself reveals or could reveal any private or protected information about Plaintiff or his alleged debt the same way an account number can."

**RESPONSE:**   Plaintiff **objects** to the Court's consideration of that Opinion because the Court of Appeals *reversed* the Order which was based on that Opinion. *Morales, supra*.

Subject to his objection, the statement is **disputed** based on the evidential record on Defendant's prior summary judgment motion and the Third Circuit's reversal of Judge Salas's decisions on that motion and on Plaintiff's reconsideration motion. ***To the contrary,*** nothing in Judge Salas's two Opinions decided anything "conclusively" as asserted in this statement; rather, the Third Circuit's decision is conclusive because it is binding on this Court and estops Defendant from relitigating the issues decided by the Court of Appeals.

24.   Plaintiff appealed these decisions on April 15, 2020. (ECF 142).

**RESPONSE:** This *procedural fact* is **not disputed** but Plaintiff **objects** because it is not a fact which is material to resolving Defendant's Motion.

25.   On July 6, 2021, the Third Circuit issued an Opinion reversing the District Court's Order dismissing the complaint for lack of Article III standing. (See July 6, 2021 Third Circuit Opinion, attached as **Exhibit F**).

**RESPONSE:**   **Disputed in part** to the extent Defendant's characterization

conflicts with the Third Circuit's mandate.

26. Thereafter, on June 25, 2021, the United States Supreme Court issued its seminal decision concerning Article III standing in <u>TransUnion LLC v. Ramirez</u>, 141 S. Ct. 2190 (2021).

**RESPONSE:**   **Disputed**. The Third Circuit's decision in *Morales* was on July 6, 2021 and, therefore, the Supreme Court's June 25, 2021 decision in *Ramirez* was **not** after *Morales* but nearly two weeks *before*.

27. Thus, the Third Circuit did not have the benefit of the Ramirez case when it decided the appeal. (**Exhibit F**).

**RESPONSE:**   **Disputed**. The Third Circuit's decision in *Morales* was on July 6, 2021 and, therefore, the Supreme Court's June 25, 2021 decision in *Ramirez* was **not** after *Morales* but nearly two weeks *before*.

28. As it presently stands, neither the District Court nor the Third Circuit have addressed the merits of the Plaintiff's FDCPA claim. All prior rulings have been limited to standing.

**RESPONSE:**   **Disputed.** Like the present summary judgment motion, Defendant's prior motion was a *factual* attack on standing which requires an adjudication under the summary judgment standard. To

the extent the Third Circuit adjudicated facts, those facts are

binding on the parties and this Court.

29. The barcode in question is merely a symbol to be read by HRRG's propriety

computer system to verify the accuracy of addresses on mail that is returned to

HRRG. (See Deposition transcript of David Friedlander, attached as **Exhibit G**,

pg. 129:16-18).

**RESPONSE:**     **Disputed.** Regardless of how Defendant wants to spin the facts,

applying the summary judgment standard, the Third Circuit

concluded that the visibility of HRRG's IRN in the form of a

barcode from the outside of the envelope containing its collection

letter to Plaintiff is both the disclosure of his "protected

information, which caused a concrete injury in fact under the

FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were

submitted as Exhibit G to Defendant's prior summary judgment

motion. [ECF No. 114-2 at PageIDs 1438-1445.]

30. Specifically, HRRG had a custom computer program written which, when the

barcode is scanned, compares the address on the returned mail, with the most

recent data in HRRG's computer system. (See Deposition transcript of David

Friedlander, attached as **Exhibit G**, pg. 137:20-138:1).

**RESPONSE:**   **Disputed.** Regardless of how Defendant wants to spin the facts,

applying the summary judgment standard, the Third Circuit

concluded that the visibility of HRRG's IRN in the form of a

barcode from the outside of the envelope containing its collection

letter to Plaintiff is both the disclosure of his "protected

information, which caused a concrete injury in fact under the

FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were

submitted as Exhibit G to Defendant's prior summary judgment

motion. [ECF No. 114-2 at PageIDs 1438-1445.]

31. If there is a match of the data, the computer program will automatically set a

"mail return flag" which will stop mail from going to that particular person at that

particular address. (Id.).

**RESPONSE:**   **Disputed.** Regardless of how Defendant wants to spin the facts,

applying the summary judgment standard, the Third Circuit

concluded that the visibility of HRRG's IRN in the form of a

barcode from the outside of the envelope containing its collection

letter to Plaintiff is both the disclosure of his "protected

information, which caused a concrete injury in fact under the

FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were

submitted as Exhibit G to Defendant's prior summary judgment

motion. [ECF No. 114-2 at PageIDs 1438-1445.]

32. If there is a "non-match," this means that the address information in the

barcode is different, and probably older, than that contained in HRRG's computer

system. This could happen if, after a collection letter is sent, a person calls HRRG

and updates their address information. In this situation, a mail return flag will not

be set and mail will be sent to the updated address information in HRRG's

computer system. (See Deposition transcript of David Friedlander, attached as

**Exhibit G**, pg. 138:2-13).

**RESPONSE:**   **Disputed.** Regardless of how Defendant wants to spin the facts,

applying the summary judgment standard, the Third Circuit

concluded that the visibility of HRRG's IRN in the form of a

barcode from the outside of the envelope containing its collection

letter to Plaintiff is both the disclosure of his "protected

information, which caused a concrete injury in fact under the

FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were
submitted as Exhibit G to Defendant's prior summary judgment
motion. [ECF No. 114-2 at PageIDs 1438-1445.]

33. Hypothetically, even if some unauthorized third-party were able to (illegally)
scan the barcode, the characters revealed do not contain any private information.
(See HRRG's Responses to Plaintiff's Requests for Admission, **Exhibit H**, no. 16 -
19; Deposition transcript of HRRG President, David Friedlander, attached as
**Exhibit G**, pg. 167:25-168:5).

**RESPONSE:**   **Disputed.** Regardless of how Defendant wants to spin the facts,
applying the summary judgment standard, the Third Circuit
concluded that the visibility of HRRG's IRN in the form of a
barcode from the outside of the envelope containing its collection
letter to Plaintiff is both the disclosure of his "protected
information, which caused a concrete injury in fact under the
FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were
submitted as Exhibit G to Defendant's prior summary judgment
motion. [ECF No. 114-2 at PageIDs 1438-1445.]

In addition, see the lengthy quote from *Morales* set forth in
the Response above to No. 22 which explains—based on the

evidential record in Defendant's prior summary judgment

motion—which explains how the IRN can be used to "disclose the

debtor's financial predicament." *Id.*at 627.

34. The barcode does not even contain Plaintiff's account number associated with

his debt. (See Deposition transcript of David Friedlander, attached as **Exhibit G**,

pg. 168:6-8).

**RESPONSE:**   **Disputed.** Regardless of how Defendant wants to spin the facts,

applying the summary judgment standard, the Third Circuit

concluded that the visibility of HRRG's IRN in the form of a

barcode from the outside of the envelope containing its collection

letter to Plaintiff is both the disclosure of his "protected

information, which caused a concrete injury in fact under the

FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were

submitted as Exhibit G to Defendant's prior summary judgment

motion. [ECF No. 114-2 at PageIDs 1438-1445.]

In addition, see the lengthy quote from *Morales* set forth in

the Response above to No. 22 which explains—based on the

evidential record in Defendant's prior summary judgment

motion—which explains how the IRN can be used to "disclose the debtor's financial predicament." *Id.*at 627.

35. The barcode also does not contain any information that identifies Plaintiff as a debtor. (See Deposition transcript of David Friedlander, attached as **Exhibit G**, pg. 168:9-12).

**RESPONSE:**     **Disputed.** Regardless of how Defendant wants to spin the facts, applying the summary judgment standard, the Third Circuit concluded that the visibility of HRRG's IRN in the form of a barcode from the outside of the envelope containing its collection letter to Plaintiff is both the disclosure of his "protected information, which caused a concrete injury in fact under the FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were submitted as Exhibit G to Defendant's prior summary judgment motion. [ECF No. 114-2 at PageIDs 1438-1445.]

In addition, see the lengthy quote from *Morales* set forth in the Response above to No. 22 which explains—based on the evidential record in Defendant's prior summary judgment motion—which explains how the IRN can be used to "disclose the debtor's financial predicament." *Id.*at 627.

36. The barcode cannot be entered into HRRG's public website nor used to call HRRG to obtain any information about the debtor. (See Deposition transcript of David Friedlander, attached as **Exhibit G**, pg. 171:25-172:6).

**RESPONSE:**   **Disputed.** Regardless of how Defendant wants to spin the facts, applying the summary judgment standard, the Third Circuit concluded that the visibility of HRRG's IRN in the form of a barcode from the outside of the envelope containing its collection letter to Plaintiff is both the disclosure of his "protected information, which caused a concrete injury in fact under the FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were submitted as Exhibit G to Defendant's prior summary judgment motion. [ECF No. 114-2 at PageIDs 1438-1445.]

In addition, see the lengthy quote from *Morales* set forth in the Response above to No. 22 which explains—based on the evidential record in Defendant's prior summary judgment motion—which explains how the IRN can be used to "disclose the debtor's financial predicament." *Id.*at 627.

37. Even if a third-party somehow (illegally) scanned the barcode, the characters revealed, even if entered into HRRG's public website, would generate an "error

message." (See Deposition transcript of David Friedlander, attached as **Exhibit G**, pg. 120:7-14).

**RESPONSE:**    **Disputed.** Regardless of how Defendant wants to spin the facts, applying the summary judgment standard, the Third Circuit concluded that the visibility of HRRG's IRN in the form of a barcode from the outside of the envelope containing its collection letter to Plaintiff is both the disclosure of his "protected information, which caused a concrete injury in fact under the FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were submitted as Exhibit G to Defendant's prior summary judgment motion. [ECF No. 114-2 at PageIDs 1438-1445.]

In addition, see the lengthy quote from *Morales* set forth in the Response above to No. 22 which explains—based on the evidential record in Defendant's prior summary judgment motion—which explains how the IRN can be used to "disclose the debtor's financial predicament." *Id.* at 627.

38. Nor can the characters revealed by a scan of the barcode be used in any other way by a third-party to obtain any information about Plaintiff's collection account. (See Deposition transcript of David Friedlander, attached as **Exhibit G**, pg.

173:18-23).

**RESPONSE:**   **Disputed.** Regardless of how Defendant wants to spin the facts, applying the summary judgment standard, the Third Circuit concluded that the visibility of HRRG's IRN in the form of a barcode from the outside of the envelope containing its collection letter to Plaintiff is both the disclosure of his "protected information, which caused a concrete injury in fact under the FDCPA." *Morales*, 859 Fed.App'x. at 628.

The same pages from Mr. Friedlander's deposition were submitted as Exhibit G to Defendant's prior summary judgment motion. [ECF No. 114-2 at PageIDs 1438-1445.]

In addition, see the lengthy quote from *Morales* set forth in the Response above to No. 22 which explains—based on the evidential record in Defendant's prior summary judgment motion—which explains how the IRN can be used to "disclose the debtor's financial predicament." *Id.*at 627.

39. Even in the wildly hypothetical situation where a third-party somehow (illegally) scanned the barcode and then somehow decided to call HRRG and provide the string of characters, HRRG employees still could not provide any information about a debtor. (See Deposition transcript of David Friedlander,

attached as **Exhibit G**, pg. 175:1-3).

**RESPONSE:**   **Disputed.** Regardless of how Defendant wants to spin the facts,

applying the summary judgment standard, the Third Circuit

concluded that the visibility of HRRG's IRN in the form of a

barcode from the outside of the envelope containing its collection

letter to Plaintiff is both the disclosure of his "protected

information, which caused a concrete injury in fact under the

FDCPA." *Morales*, 859 Fed.App'x. at 628.

    The same pages from Mr. Friedlander's deposition were

submitted as Exhibit G to Defendant's prior summary judgment

motion. [ECF No. 114-2 at PageIDs 1438-1445.]

    In addition, see the lengthy quote from *Morales* set forth in

the Response above to No. 22 which explains—based on the

evidential record in Defendant's prior summary judgment

motion—which explains how the IRN can be used to "disclose the

debtor's financial predicament." *Id.*at 627.

40. Plaintiff does not contend that any third-party has ever "scanned" the barcode

on his letter nor that anyone has ever obtained "private" information about him.

Instead, his case rests on the mere ***existence*** of a barcode on a letter he received

from HRRG regarding a debt that he concedes is valid.

**RESPONSE:**  Plaintiff **objects** to the statement because it is not a statement of any fact which is material to resolving Defendant's Motion. Instead, the statement is Defendant's argument attempting to characterize Plaintiff's legal arguments.

Subject to his objection, the statement is **disputed** because Plaintiff's claim is based on all of the relevant facts including, but not limited to, Defendant intentionally placed the IRN in its collection letter and placed it intentionally so that the IRN can be seen from outside the windowed envelope. During its *de novo* review of summary judgment for Defendant, the Third Circuit had before it the same evidential record—specifically, Mr. Friedlander's deposition—and found, based on the summary judgment standard, that "the IRN could enable public access to the account. A phone call to HRRG with the IRN and a second piece of information, like a birthdate, allowed account access. HRRG's website also allowed anyone with the IRN and information visible on the envelope, together with an email address, to update some of the debtor's contact information." *Morales*, 859 Fed.App'x. at 627. Therefore, the Third Circuit concluded that the visibility of the

IRN from the letter's envelope "disclosed Morales's protected

information." *Id.*at 628.

41. Plaintiff does not allege any harm. His case alleges only a technical violation of

the FDCPA and he seeks only statutory damages. (See Complaint, **Exhibit A**, par.

62).

**RESPONSE:**     Plaintiff **objects** to the statement because it is not a statement of

any fact which is material to resolving Defendant's Motion.

Instead, the statement is Defendant's argument attempting to

characterize Plaintiff's legal arguments.

Subject to his objection, the statement is **disputed**. Based on

the Third Circuit's decision in *Morales*, Defendant's disclosure of

the IRN is a concrete harm. Plaintiff does **not dispute** that he does

not seek recovery of actual damages under 15 U.S.C.

§ 1692k(a)(1) but seeks "additional damages" under § 1692k(a)(2)

and attorneys' fees and costs under § 1692k(a)(3).

42. Plaintiff does not know what the numbers and letters revealed by a scan of the

barcode are used for and what they mean. (See Morales deposition transcript,

attached as **Exhibit I**, pg. 19:18-23).

**RESPONSE:**    Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

43. Plaintiff knows of no way to use the numbers and letters revealed by a scan of

the barcode to identify that he is a debtor or that the letter he received referred to a

debt. (See Morales deposition transcript, attached as **Exhibit I**, pg. 115:20-116:2).

**RESPONSE:**    Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

44. Plaintiff knows of no way to use the numbers and letters revealed by a scan of

the barcode to obtain any private information about himself or the debt. (See

Morales deposition transcript, attached as **Exhibit I**, pg. 49:7-11).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

45. Plaintiff knows of no way to use the numbers and letters revealed by a scan of

the barcode to identify his financial status or that a creditor asserts that he owes

money. (See Morales deposition transcript, attached as **Exhibit I**, pg. 116:13-18).

46. Plaintiff knows of no way to use the numbers and letters revealed by a scan of

the barcode to find out that the communication came from a debt collector. (See

Morales deposition transcript, attached as **Exhibit I**, pg. 115:11-15).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

47. Plaintiff knows of no way to use the numbers and letters revealed by a scan of

the barcode to find any financial information about himself. (See Morales

deposition transcript, attached as **Exhibit I**, pg. 115:16-19).

**RESPONSE:**    Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

48. When asked how one would go about obtaining private information by using

the numbers and letters revealed by a scan of the barcode, Plaintiff testified, "I

wouldn't know how to do that." (See Morales deposition transcript, attached as

**Exhibit I**, pg. 33:9-12).

**RESPONSE:**    Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

49. Plaintiff further testified that: **"I don't have any personal knowledge about**

**what may have been revealed about me."** (See Morales deposition transcript,

attached as **Exhibit I**, pg. 44:4-6).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

50. At his deposition Plaintiff was asked:

> "[G]iven that you don't know what a scan of the
> bardcode . . . means and you don't know of any . . .
> way you can use that to obtain information about
> Mr. Morales, do you find that it was still a
> prohibited act for HRRG . . . to send the letter?"

To which Plaintiff responded:

> "I mean, I honestly don't know."

(See Morales deposition transcript, attached as **Exhibit I**, pg. 114:21-115:9).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

51. Plaintiff is unable to articulate how his privacy rights could be violated if a

third-party scanned the barcode on his collection letter. (See Morales deposition

transcript, attached as **Exhibit I**, pg. 77:22-25). He admits that it would be

"speculation" for him to opine on how it could be done. (See Morales deposition

transcript, attached as **Exhibit I**, pg. 78:1-2).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

52. Plaintiff, who has worked in the computer field for approximately two decades,

was unable to identify any public website in which he (or anyone) could enter the

characters revealed by a hypothetical scan of the barcode to learn any private

information about himself or the debt. (See Morales deposition transcript, attached

as **Exhibit I**, pg. 33:9-18; 38:15-25).

**RESPONSE:** Plaintiff **objects** to the statement as irrelevant. *Morales* explained, "Morales did not need to know how to use IRNs to access accounts. Nor did he need to show an increased risk of harm." *Morales*, 859 F. App'x at 628. Plaintiff's knowledge of such facts might be relevant if Plaintiff were seeking to recover actual damages under 15 U.S.C. § 1692k(a)(1).

53. Plaintiff plugged the numbers and letters revealed by a scan of the barcode into the following internet search engines: Yahoo, Google, MSN, and Bing, but could not find any private information about himself or the debt. (See Morales deposition transcript, attached as **Exhibit I**, pg. 34:1-35:4; pg. 42:14-17).

**RESPONSE:** Plaintiff **objects** to the statement as irrelevant. *Morales* explained, "Morales did not need to know how to use IRNs to access accounts. Nor did he need to show an increased risk of harm." *Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts might be relevant if Plaintiff were seeking to recover actual damages under 15 U.S.C. § 1692k(a)(1).

54. When conducting his internet research, Plaintiff testified that, "I typed in all the different versions of any type of combinations that you can think of . . . ." (See Morales deposition transcript, attached as **Exhibit I**, pg. 35:22-36:2).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

55. Plaintiff found no public database in which he can enter the characters revealed

by a scan of the barcode to learn any private information about himself. (See

Morales deposition transcript, attached as **Exhibit I**, pg. 103:13-18).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

56. Plaintiff has no evidence to refute HRRG's interrogatory answers, which

explain that it is only through the use of HRRG's password protected computer

software, which can only be accessed by HRRG's employees, and which is not

available or accessible to anyone outside of HRRG's company, that any

information can be revealed from a scan of the barcode. (See Morales deposition

transcript, attached as **Exhibit I**, pg. 109:4-18).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

57. Plaintiff has no factual basis to assert that the numbers and letters revealed by a

scan of the barcode are an account number associated with his debt. (See Morales

deposition transcript, attached as **Exhibit I**, pg. 19:24-20:3).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained,

"Morales did not need to know how to use IRNs to access

accounts. Nor did he need to show an increased risk of harm."

*Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts

might be relevant if Plaintiff were seeking to recover actual

damages under 15 U.S.C. § 1692k(a)(1).

Subject to his objection, the statement is **disputed**.

Regardless what *personal knowledge* Plaintiff may have, the

evidential record before the Third Circuit proved "in at least three

ways" how the IRN could be used to identify Plaintiff was a debtor and, therefore, was protected information which should not have been visible from envelope containing HRRG's collection letter. *Morales* at 627.

58. Plaintiff has no information to indicate that the numbers and letters revealed by a scan of the barcode are a file number, reference number, or a registration code. (See Morales deposition transcript, attached as **Exhibit I**, pg.112:20-113:20).

**RESPONSE:**   Plaintiff **objects** to the statement as irrelevant. *Morales* explained, "Morales did not need to know how to use IRNs to access accounts. Nor did he need to show an increased risk of harm." *Morales*, 859 F. App'x at 628. Plaintiffs knowledge of such facts might be relevant if Plaintiff were seeking to recover actual damages under 15 U.S.C. § 1692k(a)(1).

Subject to his objection, the statement is **disputed**. Regardless what *personal knowledge* Plaintiff may have, the evidential record before the Third Circuit proved "in at least three ways" how the IRN could be used to identify Plaintiff was a debtor and, therefore, was protected information which should not have been visible from envelope containing HRRG's collection letter. *Morales* at 627.

59. The December 3, 2014 letter Plaintiff received from HRRG contained, at the bottom of the letter and unseen through the window envelope, a "client account number," a "creditor account number" and a "pin," which were all different from the characters revealed by any hypothetical scan of the barcode. (See Morales deposition transcript, attached as **Exhibit I**, pg. 28:11-17).

**RESPONSE:**     **Disputed in part.** Plaintiff does **not dispute** that the information at the bottom of the letter was not visible from the envelope and that information does not match the information revealed from the bar code which was visible. Plaintiff **disputes** any assertion that a scan of that barcode was "hypothetical."

60. A scan of the barcode reveals ("UMB822, 15 Major S, A"). (See Morales deposition transcript, attached as **Exhibit I**, pg. 30).

**RESPONSE:**     **Not disputed.**

61. "15 Major S" is the first part of his address, 15 Major St., but his address is also visible on the letter. (See Morales deposition transcript, attached as **Exhibit I**, pg. 17; 32).

**RESPONSE:**     **Not disputed.**

62. Plaintiff admitted that "15 Major S" is not private, confidential information. (See Morales deposition transcript, attached as **Exhibit I**, pg. 17).

**RESPONSE:   Not disputed.**

63. The IRN "UMB822" does not contain any portion of the account number. (See Deposition transcript of David Friedlander, attached as **Exhibit G**, pg. 167-168).

**RESPONSE:   Not disputed** but only to the extent that the information revealed by the barcode is not the same as the account information appearing at the bottom of the collection letter.

64. The IRN "UMB822" is not necessarily unique. (See Deposition transcript of David Friedlander, attached as **Exhibit G**, pg. 99). ("It's used in our office when someone with a user ID and password is logged into our system and they type in the UMB822 they're going to get -- and this is why I say it might not be unique -- they could get multiple names that come up on the screen and they then have to select the correct associated person who they're either looking for or who they're referencing.")

**RESPONSE:   Not disputed.**

65. In addition to the IRN, a person would need to provide HRRG with either a date or birth or the last four digits of the consumer's social security number to access specific account information. (See Deposition transcript of David Friedlander, attached as **Exhibit G**, pg. at 118:14-17).

**RESPONSE:   Not disputed.**

66. In response to the December 3, 2014 HRRG letter, Plaintiff wrote a letter back to HRRG in which he identified the account number associated with his debt. The account number he listed was different than the numbers and letters revealed by a scan of the barcode. (*See* Morales deposition transcript, attached as **Exhibit I**, pg. 28:18-21).

**RESPONSE:**   It is **not disputed** that Plaintiff's letter dated December 10, 2014 included "Acct# 0134676155-50572894."

Respectfully submitted,

KIM LAW FIRM LLC

By: _____*s/Philip D. Stern*_____

Dated: December 7, 2022            Philip D. Stern