**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEJANDRO MORALES, *on behalf of himself and those similarly situated,* Plaintiff, vs. HEALTHCARE REVENUE RECOVERY GROUP, LLC, and JOHN DOES 1 to 10, Defendants. | Civil Action No. 2:15-cv-08401-ES-JAD **PLAINTIFF'S SUPPLEMENTAL STATEMENT OF DISPUTED MATERIAL FACTS** |

Plaintiff, Alejandro Morales, in accordance with L.Civ.R. 56.1(a), provides Plaintiff's

Supplemental Statement of Disputed Material Facts ("PSSODMF").

## I.   OVERVIEW

1.      By the utilization of selective citations that completely ignore the totality of the

January 20, 2017 testimony of Defendant's 30(b)(6) deponent, Defendant's Statement of Material

Facts Not in Dispute in Support of Summary Judgment Motion ("DSOMF") raises one flawed

and irrelevant theory to support Defendant's Motion for Summary Judgment: the barcode's

alleged purpose was to allow computers to sort collection letters that are returned to Defendant as

undeliverable.

2.      The following PSSODMF indicates that the testimony of Defendant's 30(b)(6)

representative clearly substantiates the expansive nature and consequences of the information that

is revealed from a scan of the visible barcode by the utilization of common and readily available

scanning applications.

3.      Furthermore, Defendant's own account notes from CR Software Platinum contradicts its arguments.

4.      Additionally, DSOMF repeatedly cites to the July 24, 2019 Order granting Defendant's motion (ECF No. 122) for summary judgment without mentioning that the same was overturned by the Third Circuit Court of Appeals on July 6, 2021.

## II.    PLAINTIFF'S SUPPLEMENTAL STATEMENT OF DISPUTED MATERIAL FACTS

1.      In an attempt to collect a medical debt from Plaintiff, Defendant mailed a collection letter to Plaintiff on December 3, 2014. (Def.'s Answer ¶ 19, ECF No. 46).

2.      Defendant admits that it developed and used an envelope that allows a barcode to be visible through a glassine window (Friedlander Dep. 134:25; 135:1-2, ECF No. 84-4).

3.      Defendant's 30(b)(6) representative was successful in using a smartphone to scan the barcode (Friedlander Dep. 144:4-15).

4.      Defendant admits that it stopped using the visible barcode after this action was commenced and that its mailing operation was outsourced to an outside vendor (Friedlander Dep. 132: 5-17; 134:2-4).

5.      Defendant admits that a scan of the barcode reveals the internal reference number UMB822 (Friedlander Dep. 130:7-14).

6.      Defendant admits that the internal reference number is automatically generated and assigned to a debtor's account when the initial data information is received from the original creditor (Friedlander Dep. 104:16-25; 105:1-11; 108:14-24; 113:10-17; see also account notes pertaining to Plaintiff and two other putative class members, ECF No. 119-5).

7.      UMB822 is not assigned by Defendant's mail vender Nordis Direct. (Friedlander Dep. 113:23-25; ECF No. 119-5, at HRRG 46 to HRRG 48).

8. Defendant admits that the internal reference number UMB822 is unique to Plaintiff (Friedlander Dep. 93:10-18; ECF No. 119-5, at HRRG 46 to HRRG 48).

9. Defendant also admits in a contradictory manner that although said internal reference number is not singularly unique to Plaintiff it will always pertain to Plaintiff's account as well as the accounts of about twenty-five other alleged debtors (Friedlander Dep. 98:17-99:7; 102:9-21; 110:3-23).

10. Defendant admits that it maintains a website on the internet that also contains a payment option that is maintained by an outside vendor. (Friedlander Dep. 119:25; 120:1-25; 121:5-25; 122:1).

11. Defendant admits that the internal reference number which is revealed by a scan of the visible barcode can be inputted into the account number field on the website in order to update a debtor's mail and email addresses (Friedlander Dep. 126:14-25; 127:1-3, 18-21),

12. Defendant admits that the internal reference number is used for identification when a debtor contacts Defendant by telephone (Friedlander Dep. 124:3-14).

13. Defendant admits that the internal reference number can be used for identification by a debtor who desires to change the unique Personal Identification Number (PIN) on the website (Friedlander Dep. 128:14-24).

14. Defendant admits that at the time the December 3, 2014 letter was sent to Plaintiff data concerning the Plaintiff was stored in Defendant's CR Software's Platinum collection software (Friedlander Dep. 58:10-12).

15. Defendant admits that prior to April 2015, Defendant used CR Software's Platinum and Titanium systems (Friedlander Dep. 55:1-25; 56:1-14; 60:20-25).

16.    Defendant admits that subsequent to April 2015, Defendant migrated its collection data software to the Ontario Systems FACS (Friedlander Dep. 53:2-19).

17.    Defendant admits that at the time of said switch to the new software system, Defendant changed the format of the internal reference numbers (Friedlander Dep. 112:7-9; 125:11-21).

18.    Defendant admits that data was maintained in the original Platinum system even after the migration to the new system for backup and preservation. (Friedlander Dep. 70:22-25; 71:1-6).

19.    Defendant admits that it presently uses a data maintenance system (or collection software) that differs from the system utilized at the time of the mailing of the collection letter underlying this action, that there has been a migration of debtor data between systems, including data relating to Plaintiff and that a third party outside vendor maintains the servers for the data software along with Defendant. (Friedlander Dep. 53:71).

20.    Defendant admits that (a) the barcode is revealed and visible through the glassine envelope containing the collection letter and (b) that the barcode can be read with an app on a smartphone and that such reading reveals what Defendant defines as an "internal reference number." (Friedlander Dep. 98:17-20; 144:10-15).

21.    Defendant admits that said "internal reference number" is utilized on the data maintenance system and will bring up the name of Plaintiff as well as possibly other alleged debtors. (Friedlander Dep. 99:4-10; 112:7-9).

22.    Defendant admits that if the company received a telephone call and the person who called provided said "internal reference number" a company representative "would ask the person who's calling, who they are and they would have them provide identification information

at which point they'd be asked for their date of birth or the last four digits of their Social Security number." "If they were able to provide that additional information, the representative could then access the system, bring up the matching account information and they would use either the date of birth in association with this internal reference number or their last four so Social to appropriately identify the person." (Friedlander Dep. 117:14-118:25).

23.     Defendant admits that only the "internal reference number" and date of birth is needed from the company representative to pull up the account and continue to speak with the caller. Defendant continued with the admission that such a procedure was the official policy of Defendant in 2014. (Friedlander Dep. 117:9-118:24;).

24.     Defendant admits that there exists now and in 2014 a website entitled HRRGcollections.com and portal that is maintained by an outside vendor (Friedlander Dep. 121:5-122:6).

25.     Defendant admits that in 2014 a caller to the company would need the "internal reference number," the PIN number and date of birth to access the website (Friedlander Dep. 120:19-24; 124:3-14).

26.     Defendant admits that the information contained with a scan of the barcode (the internal reference number) can be used on the website to effectuate a change of certain data such as a change of address. (Friedlander Dep. 127:20-128: 20).

27.     The internal reference number that can be obtained from a scan of the barcode that is visible on the collection letter envelope is also present in the collection letter and is entitled as a "Validation Notification" thereby proving due to its presence in the body of the collection letter that it is most certainly not a benign notice and instead has significance that exceeds the sorting of undelivered mail (Friedlander Dep. Ex. 4, Ex. 5 p. 23, ECF No. 84-4).

28.     UMB822 is Defendant's account number assigned by and utilized by Defendant in its own collection software, and assigned to and unique to Plaintiff. (ECF No. 119-5, at HRRG 46 to HRRG 48).

29.     UMB822 is also identified as a "CRS #" and "Master #" in Defendant's collection software. (ECF No. 119-5, at HRRG 46 to HRRG 48).

30.     UMB823 is Defendant's account number assigned by and utilized by Defendant in its own collection software, and assigned to and unique to a putative class member Dorothy R. Geene. (ECF No. 119-5, at HRRG 49, HRRG 52).

31.     UMB824 is Defendant's account number assigned by and utilized by Defendant in its own collection software, and assigned to and unique to a putative class member Maria V. Almonte Jimenez. (ECF No. 119-5, at HRRG 50 to HRRG 52).

32.     On July 20, 2021, Defendant petitioned the Third Circuit for rehearing to reconsider that court's decision in this case which included a Brief. Declaration of Counsel, Exhibit A.

33.     Defendant's Brief contended that the Third Circuit's decision was inconsistent with *TransUnion v. Ramirez*, 141 S. Ct. 2120 (2021). Declaration of Counsel, Exhibit A.

34.     Defendant's Brief also contended that the Third Circuit's decision overlooked or misapprehended facts which, according to Defendant, materially affected the outcome of the appeal. Declaration of Counsel, Exhibit A.

35.     On August 4, 2021, the Third Circuit denied Defendant's Petition for rehearing. Declaration of Counsel, Exhibit B.

Dated: December 7, 2022                    KIM LAW FIRM LLC

                                          *Attorneys for Plaintiff*

                                          By: *s/Philip D. Stern*
                                          Philip D. Stern
                                          411 Hackensack Avenue, Suite 701
                                          Hackensack, New Jersey 07601
                                          Tel. & Fax: 201-273-7117
                                          pstern@kimlf.com