**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**
**Christian M. Scheuerman, Esquire**
Attorney I.D. 027102007
**Jonathan R. Stuckel, Esquire**
Attorney I.D. 261862018
535 Route 38 East, Suite 501
Cherry Hill, NJ 08002
(856)663-4300

**ATTORNEYS FOR DEFENDANT**
Healthcare Revenue Recovery Group, LLC

190-100509 (CMS/JRS)

| | |
|---|---|
| Alejandro Morales, *on behalf of himself and those similarly situated,*<br><br>vs.<br><br>Healthcare Revenue Recovery Group, LLC | UNITED STATES DISTRICT COURT OF NEW JERSEY NEWARK VICINAGE<br><br>DOCKET NO. 2:15-cv-08401-EP-JBC<br><br>CIVIL ACTION |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF HEALTHCARE REVENUE RECOVERY GROUP, LLC**

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.
535 Route 38 East
Cherry Tree Corporate Center - Suite 501
Cherry Hill, New Jersey 08002

**On The Brief:**
**Christian M. Scheuerman, Esquire**
**Jonathan R. Stuckel, Esquire**

{M0357626.1}

## Table of Contents

                                              **Page**

PRELIMINARY STATEMENT .............................................................................1

LEGAL ARGUMENT..........................................................................................2

CONCLUSION .....................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Barclift v. Keystone Credit Services, LLC,
   585 F. Supp. 3d 748 (E.D. Pa. 2022) ....................................................................................... 5

Clemens v. ExecuPharm Inc.,
   48 F.4th 146 (3d Cir. 2022) ................................................................................................. 5, 6

Davis v. Universal Protec. Servs.,
   LLC, 558 F. Supp. 3d 220 (E.D. Pa. 2021) ............................................................................. 4

Daye v. GC Servs. Ltd. Partnership,
   No. 21-cv-7981, 2022 U.S. Dist. LEXIS 172417 (D.N.J. 2022) ............................................ 4

Lahu v. I.C. Sys. Inc.,
   2022 U.S. Dist. LEXIS 185460 (D.N.J. 2022) ....................................................................... 4

Robins v. Spokeo,
   578 U.S. 330 (2016) ........................................................................................................ 4, 5, 6

Rohl v. Prof. Fin. Co., Inc.,
   No. 21-cv-17507, 2022 U.S. Dist. LEXIS 96934 (D.N.J. May 31, 2022) .............................. 5

TransUnion LLC v. Ramirez,
   141 S. Ct. 2190 (2021) ................................................................................................. *passim*

Wolkenfeld v. Portfolio Recovery Associates, LLC,
   No. 22-cv-1156, 2022 U.S. Dist. LEXIS 69332 (E.D.N.Y. Apr. 14, 2022) ........................... 5

**Statutes**

15 U.S.C. 1692k(a)(2)(B) ............................................................................................................... 6

15 U.S.C. § 1692f(8) ................................................................................................................. 2, 3

**Other Authorities**

12 CFR. § 1006.22(F)(2) ................................................................................................................ 3

12 CFR 1006.22(F)(2) .................................................................................................................... 3

**PRELIMINARY STATEMENT**

Plaintiff's opposition to the present motion is entirely premised upon the mistaken belief that the Third Circuit already addressed the issues raised in this new summary judgment motion. However, not only has that Court not yet addressed the arguments raised in this motion, the Third Circuit's prior opinion in this matter also failed to include *any discussion* of the United States Supreme Court's seminal ruling in TransUnion v. Ramirez, and the case law flowing therefrom.

The opposition brief does nothing to counter the argument that Plaintiff lacks Article III standing to pursue this claim because he has not alleged or proven any concrete, particularized injury. Plaintiff does not claim, nor has he presented any evidence of the existence of any concrete injury. Rather, Plaintiff relies upon misquoted law and fact in asking the Court to deny summary judgment. Unequivocally, this Court has not yet had the opportunity to engage in the type of thorough discussion of concreteness that the TransUnion Court required.

As articulated in Defendant's moving papers and as set forth below, the relevant, recent case law allows the Court to grant the instant motion and dismiss Plaintiff's Complaint for lack of Article III standing.

## **LEGAL ARGUMENT**

I. **THE OPPOSITION ARTICULATES NOTHING THAT WOULD ALTER THIS COURT'S ANALYSIS OF PLAINTIFF'S LACK OF ARTICLE III STANDING**

Plaintiff's opposition brief mistakenly focuses on the Third Circuit's August 13, 2021 Opinion and fails to substantively address the Article III standing issue presented to the Court in this motion. Plaintiff asks the Court to ignore binding case law and primarily cites decisions that predate TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), or otherwise cites decisions that are non-binding on the Court. Not only does Plaintiff fail to provide any legally justifiable reason for the Court to ignore the TransUnion decision, but post-TransUnion decisions just serve to bolster Defendant's argument for summary judgment.

Plaintiff's Complaint alleges a pure statutory violation, divorced from any tangible injury. As discussed in the moving papers, this case arises from HRRG's supposed "unlawful disclosure of Plaintiff's personal identifying information" and use of language or symbols on an envelope in connection with the collection of a debt in a manner in which Plaintiff alleges violated 15 U.S.C. § 1692f(8). Specifically, in an attempt to collect a debt arising out of the provision of healthcare services, HRRG sent a letter to Plaintiff that featured a glassine window through which a barcode was alleged to be visible. Plaintiff's complaint is entirely

premised upon the *potential* risk that the information embedded in the barcode *could be used* by a third party to identify his private information.

However, the barcode at issue in the present case is not used in any fashion that could ever relate to the "private" information of Plaintiff. Instead, it is simply a symbol that is scanned by computers in the event that an envelope is returned by the postal service to sort out incorrect addresses. **(SOF ¶33-35)**.[1] Further, uncontroverted evidence in the record proves that the characters in the barcode alone cannot be used in any manner by a third-party to know, reveal or obtain any information about Plaintiff or the debt. **(SOF ¶13-25)**. In fact, a person cannot call HRRG and obtain any private information about Plaintiff or the debt, even if they were able to "scan" the barcode. **(SOF ¶13-25)**. More importantly, *Plaintiff does not allege that his "private information" was stolen or otherwise improperly transmitted to a third party*. Instead, the entire complaint is premised upon the risk of future harm due to an alleged statutory violation.

The decision in TransUnion was unambiguous. Article III standing requires an injury-in-fact and not merely, "bare procedural violations[s], divorced from any concrete harm." See TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2213 (2021)

---

[1] Notably, the barcode "facilitates communications by mail" and is therefore permissible on its face under 1692f(8), as interpreted by 12 CFR 1006.22(F)(2): Official Comment to 12 C.F.R. § 1006.22(F)(2) (explaining that the phrase "language or symbol" in § 1692f(8) does "not include language and symbols that facilitate communications by mail).

{M0357626.1}    3

(quoting Robins v. Spokeo, 578 U.S. 330, 341 (2016)). The Court ruled that there must be evidence of a concrete, particularized, and actual or imminent harm to confer standing. Id. at 2203. To be clear, Transunion clarified that Spokeo "rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Lahu v. I.C. Sys. Inc., 2022 U.S. Dist. LEXIS 185460, *6 (D.N.J. October 11, 2022) (citing TransUnion, 141 S. Ct. at 2205).

Instead, courts analyzing intangible harms of statutory violations should "ask[] whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." Id. at 6-7 (internal citation omitted). After TransUnion, courts have therefore noted that a concrete injury requires more than just risk of harm but actual "downstream consequences" or "adverse effects." Daye v. GC Servs. Ltd. Partnership, No. 21-cv-7981, 2022 U.S. Dist. LEXIS 172417, *3 (D.N.J. Sept. 23, 2022) (rejecting standing because plaintiff could not show concrete harm caused by FDCPA violation); see also Davis v. Universal Protec. Servs., LLC, 558 F. Supp. 3d 220, 227 (E.D. Pa. 2021) ("TransUnion raised the bar.").

Applying the lessons of Spokeo and TransUnion together, courts assessing statutory injuries have recently framed the concreteness inquiry as "first, whether

the alleged injury bears a close relationship to a traditionally recognized harm, and second, whether a plaintiff has pled more than mere injury-in-law." Rohl v. Prof. Fin. Co., Inc., No. 21-cv-17507, 2022 U.S. Dist. LEXIS 96934, *3 (D.N.J. May 31, 2022); see also Barclift v. Keystone Credit Services, LLC, 585 F. Supp. 3d 748, *8 (E.D. Pa. 2022); Wolkenfeld v. Portfolio Recovery Associates, LLC, No. 22-cv-1156, 2022 U.S. Dist. LEXIS 69332, *2-3 (E.D.N.Y. Apr. 14, 2022). This framework aligns with TransUnion's guidance that "history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider." TransUnion, 141 S. Ct. at 2204.

Notably, the Third Circuit's recent decision is instructive for this Court. See Clemens v. ExecuPharm Inc., 48 F.4th 146 (3d Cir. 2022). In Clemens, following the guidance of TranUnion and Spokeo, the Court clarified that, "where the plaintiff seeks only damages, something more is required. Specifically, that plaintiff can satisfy concreteness where 'the exposure to the risk of future harm itself causes a *separate* concrete harm.'" Id. at 155 (internal citation omitted). For example, if the plaintiff's knowledge of the substantial risk of identity theft causes him to presently experience emotional distress or spend money on mitigation measures like credit monitoring services, the plaintiff has alleged a concrete injury. Id. at 156.

Here, Plaintiff has not alleged the existence of a concrete injury sufficient to satisfy the requirements set forth in <u>TransUnion</u>, <u>Spokeo</u>, and <u>Clemens</u>. Nor has he alleged that the exposure to risk of future harm itself caused a separate concrete harm. The symbol at issue in this case is simply a barcode used to track returned mail to identify outdated addresses. That is, on its face, the symbol that has no meaning whatsoever. A scan of the barcode reveals ("█████, 15 Major S, A"). **(SOF ¶60)**. "15 Major S" is the first part of his address, 15 Major St., but his address is also visible on the letter. **(SOF ¶61)**. Plaintiff admitted that "15 Major S" is not private, confidential information. **(SOF ¶62)**. Further, the IRN "█████" *does not contain any portion of the account number*. **(SOF ¶63)**. The IRN "█████" is not necessarily unique. **(SOF ¶64)**.

The uncontroverted evidence in the record proves that the characters in the barcode alone cannot be used in any manner by a third-party to know, reveal or obtain any information about Plaintiff or the debt. **(SOF ¶13-25)**. In fact, a person cannot call HRRG and obtain any private information about Plaintiff or the debt, even if they were able to "scan" the barcode. **(SOF ¶13-25)**. The complaint seeks only "statutory damages" under 15 U.S.C. 1692k(a)(2)(B) for the technical violation of having a "symbol" on a letter allegedly visible through a glassine window of the envelope addressed to Plaintiff.

Accordingly, Defendant respectfully requests that the Court grant it summary judgment and dismiss the complaint for lack of standing.

## **CONCLUSION**

For the above reasons, the Court should respectfully grant summary judgment and dismiss the amended complaint with prejudice.

**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

*/s/ Jonathan R. Stuckel*
Christian M. Scheuerman, Esquire
Jonathan R. Stuckel, Esquire
Attorneys for Defendant

**MARKS, O'NEILL, O'BRIEN,
DOHERTY& KELLY, P.C.**
Christian M. Scheuerman, Esquire
Attorney I.D. 027102007
Jonathan R. Stuckel, Esquire
Attorney I.D. 261862018
535 Route 38 East, Suite 501
Cherry Hill, NJ 08002
(856)663-4300

ATTORNEYS FOR DEFENDANT
Healthcare Revenue Recovery Group, LLC

190-100509 (CMS/JRS)

Alejandro Morales, *on behalf of himself and those similarly situated,*

vs.

Healthcare Revenue Recovery Group, LLC

UNITED STATES
DISTRICT COURT
OF NEW JERSEY
NEWARK VICINAGE

DOCKET NO. 2:15-cv-08401-EP-JBC

CIVIL ACTION

**RESPONSE TO PLAINTIFF'S COUNTERSTATEMENT OF MATERIAL FACTS**

Defendant, Healthcare Revenue Recovery Group, LLC, hereby responds to the Plaintiff's Counterstatement of Material Facts as follows:

### I. OVERVIEW

1. Disputed. Plaintiff's allegation is not supported by a record citation, as required by Fed. R. Civ. P. 56(c)(1).

2. Disputed. Plaintiff's allegation is not supported by a record citation, as required by Fed. R. Civ. P. 56(c)(1).

{M0357501.1}

3.   Disputed. Plaintiff's allegation is not supported by a record citation, as required by Fed. R. Civ. P. 56(c)(1).

4.   Disputed. Plaintiff's allegation is not supported by a record citation, as required by Fed. R. Civ. P. 56(c)(1).

## II.   PLAINTIFF'S SUPPLEMENTAL STATEMENT OF DISPUTED MATERIAL FACTS

1.   Admitted.

2.   Admitted.

3.   Disputed. The record citation indicates that Mr. Friedlander testified that he was able to scan the barcode with an iPhone. Further, he testified that he was not aware of whether anyone at HRRG attempted to scan using an Android device or smartphone.

4.   Disputed. Plaintiff's allegation mischaracterizes Mr. Friedlander's testimony. Mr. Friedlander testified that mail processing was outsourced '[s]ometime after the filing of this lawsuit." (See deposition transcript of David Friedlander, page 132:16-17, ECF No. 84-4).

5.   Disputed. Plaintiff's allegation mischaracterizes Mr. Friedlander's testimony. Specifically, Mr. Friedlander testified that "with the correct barcode scanner what comes up is the UMB number that we can internal reference together with the first ten character positions of the first line of street address." (See deposition transcript of David Friedlander, page 130:7-14, ECF No. 84-4).

{M0357501.1}

6.   Admitted.

7.   Admitted.

8.   Disputed. Plaintiff's record citation does not support the allegation and it completely mischaracterizes Mr. Friedlander's testimony. To the contrary, Mr. Friedlander testified that ▮▮▮▮▮▮ **is not unique to Plaintiff**. (See deposition transcript of David Friedlander, page 94:2-11; 98:11-22, ECF No. 84-4).

9.   Disputed. Plaintiff's allegation mischaracterizes Mr. Friedlander's testimony. Mr. Friedlander testified that ▮▮▮▮▮▮ could be associated with 10 to 25 other accounts. Further, he testified that Plaintiff's account could only be identified by entering a second piece of data to narrow the search. (See deposition transcript of David Friedlander, page 110:15-21; 113:1-9, ECF No. 84-4).

10.  Admitted.

11.  Disputed. Plaintiff's record citation does not support the allegation and it completely mischaracterizes Mr. Friedlander's testimony. To the contrary, Mr. Friedlander testified that he was not sure whether inputting the ▮▮▮▮▮▮ number into HRRG's website would permit a person to update Plaintiff's mail and email addresses. Kevin Metzger was identified as the individual that may know the answer to that question. (See deposition transcript of David Friedlander, page 127:1-6, ECF No. 84-4).

{M0357501.1}

12. Disputed. Plaintiff's record citation does not support the allegation and it completely mischaracterizes Mr. Friedlander's testimony. To the contrary, Mr. Friedlander testified, to access HRRG's prior automated payment system on Plaintiff's account, a user would have to enter (1) the internal reference number or FACS account number, (2) a pin code, and (3) a piece of personally identifying information such as date of birth or Social Security number. (See deposition transcript of David Friedlander, page 124:3-14, ECF No. 84-4).

13. Disputed. Plaintiff's record citation does not support the allegation.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Disputed. Plaintiff's record citation does not support the allegation and it completely mischaracterizes Mr. Friedlander's testimony.

21. Admitted that Mr. Friedlander testified that ▮▮▮▮ is associated with Plaintiff and possibly 10 to 25 other accounts.

22. Disputed. Plaintiff's record citation mischaracterizes Mr. Friedlander's testimony. Specifically, Mr. Friedlander testified that, to access Plaintiff's account,

{M0357501.1}

a person would need (1) the internal reference number or FACS account number, (2) a pin code, and (3) a piece of personally identifying information such as date of birth or Social Security number. (See deposition transcript of David Friedlander, page 124:3-14, ECF No. 84-4).

23. Disputed. Plaintiff's record citation mischaracterizes Mr. Friedlander's testimony. Specifically, Mr. Friedlander testified that, to access Plaintiff's account, a person would need (1) the internal reference number or FACS account number, (2) a pin code, and (3) a piece of personally identifying information such as date of birth or Social Security number. (See deposition transcript of David Friedlander, page 124:3-14, ECF No. 84-4).

24. Disputed. Plaintiff's record citation does not support the allegation and it mischaracterizes Mr. Friedlander's testimony. Specifically, Mr. Friedlander testified that the payment portal is maintained by HRRG.

25. Disputed. Plaintiff's record citation mischaracterizes Mr. Friedlander's testimony. Specifically, Mr. Friedlander testified that, to access Plaintiff's account, a person would need (1) the internal reference number or FACS account number, (2) a pin code, and (3) a piece of personally identifying information such as date of birth or Social Security number. (See deposition transcript of David Friedlander, page 124:3-14, ECF No. 84-4).

26. Disputed. Plaintiff's record citation does not support the allegation.

{M0357501.1}

27. Objection. This paragraph states an improper legal conclusion. To the extent required, this statement is disputed. Plaintiff's record citation does not support the allegation.

28. Disputed. Plaintiff's record citation does not support the allegation.

29. Disputed. Plaintiff's record citation does not support the allegation.

30. Disputed. Plaintiff's record citation does not support the allegation.

31. Disputed. Plaintiff's record citation does not support the allegation.

32. Admitted.

33. Disputed. Plaintiff's record citation mischaracterizes prior proceedings and arguments.

34. Disputed. Plaintiff's record citation mischaracterizes prior proceedings and arguments.

35. Admitted.