# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO MORALES, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC; and JOHN DOES 1 to 10,<br><br>Defendants. | Case No. 2:15-cv-08401-EP-JBC<br><br>**DECLARATION OF YONGMOON KIM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

I, YONGMOON KIM, of full age, hereby declares as follows:

1. I am an attorney at law, admitted before the bar of this Court, representing Plaintiff and proposed class representative Alejandro Morales in this matter. As such, I have personal knowledge of the facts stated herein.

2. I make this Declaration in support of Plaintiff's Motion for Class Certification in this matter.

### *Nature of the Case*

3. This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

4. On behalf of Alejandro Morales, the Kim Law Firm LLC commenced this class action against Healthcare Revenue Recovery Group ("HRRG") on December 2, 2015 (ECF No. 1).

5. Alejandro Morales alleges HRRG violated his rights protected by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

6. Based on the allegations and information developed through discovery, HRRG collects debts for healthcare services. When attempting to collect on these alleged debts, HRRG mails dunning letters to consumers. The dunning letters sent by HRRG are sent in windowed envelopes, which reveal a scannable barcode containing personal identifying information, including consumers' debtor account number.

7. Plaintiff claims that Defendant violated the Fair Debt Collection Practices Act at 15 U.S.C. § 1692f(8) by using language or symbols, other than the debt collector's address, on envelopes when communicating with a consumers by use of the mails.

***Procedural Background***

8. On December 12, 2015, Plaintiff filed his Class Action Complaint (ECF No. 1).

9. On January 20, 2016, Defendant moved to dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6). (ECF No. 4)

10. On August 4, 2016, the Court issued an Order terminating Defendant's Motion to Dismiss in light of supplemental authority submitted by Plaintiff. (ECF No. 21)

11. Defendant filed a second Motion to Dismiss on August 11, 2016 (ECF No. 22).

12. On February 22, 2017, Defendant filed an Answer to Plaintiff's Complaint denying all wrongdoing. (ECF No. 46).

13. On November 16, 2017, Defendant filed a Motion for Summary Judgment. (ECF No. 66).

14. On January 29, 2018, the Court issued an Order administratively terminating Defendant's Motion for Summary Judgment. (ECF No. 79).

15. On January 30, 2018, Defendant refiled its Motion for Summary Judgment. (ECF No. 80).

16. On July 19, 2018, the Court issued an Order denying Defendant's Motion for Summary Judgment without Prejudice and terminating docket entry number 80. (ECF No. 97).

17. On January 9, 2019, Defendant filed a renewed Motion for Summary Judgment. (ECF No. 114).

18. On July 24, 2019, the Court entered an Order granting Defendant's Motion for Summary Judgment and dismissing Plaintiff's Complaint without prejudice for lack of standing. (ECF No. 122).

19. On August 21, 2019, Plaintiff filed a Motion for Reconsideration and a Motion to Alter or Amend the Judgment. (ECF No. 123).

20. On March 16, 2020, the Court entered an Order denying Plaintiff's Motion for Reconsideration. (ECF No. 140).

21. On April 15, 2020, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. (ECF No. 142). That same day, Plaintiff filed an Amended Notice of Appeal. (ECF No. 143).

22. On August 13, 2021, the United States Court of Appeals for the Third Circuit issued an Order reversing the District Court's Orders entered on July 24, 2019, and March 16, 2020, and remanded the action to District court for further proceedings. (ECF No. 146).

23. Discovery was finally completed with Defendant's document production as of October 3, 2022.

### *Defining the Class*

24. On June 30, 2022, HRRG produced excel spreadsheet lists of each New Jersey consumer to whom Defendant sent a dunning letter in the complained-of form.

25. HRRG had produced the data sets in response to Plaintiff's discovery requests seeking information about each New Jersey resident to whom HRRG had sent a dunning letter in the complained-of form during the class period (December 2, 2014, through December 2, 2015) as alleged in the Complaint (ECF No. 1 at ¶ 38).

26. Due to deficiencies in the aforementioned June 30, 2022, production of class members' account data, Defendant provided additional productions of the same on August 26, 2022, on September 13, 2022, and again on October 3, 2022.

27. According to HRRG's records, HRRG has sent collection letters in the complained-of form to 6,187 New Jersey consumers who share the same creditor as Plaintiff—EMER PHY ASSOC N JERSEY—during the relevant time period.

### *Counsel's Work and Plaintiff's Participation*

28. The firm has had a professional relationship with the Plaintiff. Plaintiff participated in the pleading and litigation process, including by consulting and retaining competent counsel to prosecute his individual and class claims, as well as participating in discovery and providing discovery information.

29. On January 13, 2017, HRRG's counsel deposed Plaintiff.

30. I, and others in this firm, personally evaluated the facts related to Plaintiff's claims and determined that the instant claims under the FDCPA's

prohibition against use of any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails presents the best and strongest claims for Plaintiff and the class. In the course of this work, Plaintiff has always responded promptly to our inquiries.

31.     Plaintiff understands the class claims, the alleged FDCPA violations that arose from Defendant's use of improper symbols (namely a barcode that reveals sensitive identifying information about consumer accounts) in a debt collection communication.

32.     Plaintiff also understands his responsibility as the class representative that his complaint asserts claims on behalf of himself and others; he understands that he is representing other similarly situated individuals.

33.     Plaintiff agreed to participate in the litigation process whether through settlement or litigation. This included sitting for a deposition.

### *Professional Experience & Qualifications*

34.     The attorneys involved have been and will continue to be directly involved in this matter, including the investigation of claims, drafting, reviewing and editing the pleadings and briefs, discovery, legal research, motion and discovery practice, settlement negotiations and many other aspects of the litigation. We are experienced in handling complex litigation such as this matter.

35.     **Yongmoon Kim**: I am a member in good standing of the Bars of the

State of New Jersey (2011), State of New York (2012), and the Commonwealth of Pennsylvania (2020). I am also duly admitted to practice before the United States District Courts for the District of New Jersey, the Southern District of New York, the Eastern District of New York, the Northern District of Illinois, the Southern District of Indiana, the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, and the United States Court of Appeals for the Ninth Circuit.

36. I concentrate my practice in the area of consumer law and have extensive experience with cases that encompass the Fair Debt Collection Practices Act and other consumer protection statutes. Further, I have extensive FDCPA trial and appellate experience. *See, e.g.*, *Morales v. Healthcare Revenue Recovery Grp., LLC*, 859 F. App'x 625 (3d Cir. 2021); *Wyche v. Tsarouhis,* 385 F. Supp. 3d 392 (E.D. Pa. 2019); *Schultz v. Midland Credit Mgmt.*, 905 F.3d 159 (3d Cir. 2018); *Walsh v. Defenders, Inc.*, 894 F.3d 583 (3d Cir. 2018); *Thomas v. Youderian*, 232 F. Supp. 3d 656 (D.N.J. 2017); *Garcia v. Bristlecone Lending, LLC*, No. A-0767-17T1, 2018 N.J. Super. Unpub. LEXIS 2254 (N.J. Super. Ct. App. Div. Oct. 15, 2018); *Midland Funding LLC v. Bordeaux*, 147 A.3d 885 (N.J. Super. Ct. App. Div. 2016) (holding Midland Funding failed to prove defendant agreed to arbitrate); *New Century Fin. Servs. v. McNamara*, No. A-2556-12, 2014 N.J. Super. Unpub. LEXIS 602 (N.J. Super. Ct. App. Div. Jan. 27, 2014) (favorable

appellate decision in an FDCPA case involving Article 2 of the Uniform Commercial Code); *Midland Funding LLC v. Jimenez*, PAS-DC-5600-14 (N.J. Super. Passaic Cty.) (successful FDCPA trial involving contractual choice-of-law and conflict of laws principles).

37. I have presented on consumer law topics or class action topics at:

37.1. *2016 Boardwalk Seminar* – New Jersey Association for Justice;
37.2. *2016 Cyber Security & Privacy Law Conference* – New Jersey Institute for Continuing Legal Education;
37.3. *2016 Legal Services of New Jersey Annual Conference*;
37.4. *2017 Consumer Protection Law Update* seminar – New Jersey Institute for Continuing Legal Education;
37.5. *2019 Fair Debt Collection Practices Act Conference* – National Consumer Law Center;
37.6. *2019 How to Represent Consumer Debtors* – Bergen County Bar Association;
37.7. *2019 Protecting Consumers: A Practical Seminar for Plaintiffs' Attorneys* – Vermont Association for Justice;
37.8. *2019 Boardwalk Seminar* – New Jersey Association for Justice;
37.9. *2019 Annual Meeting & Convention* – New Jersey State Bar Association;
37.10. *2020 Consumer Fraud Act: Fundamentals and Developments* – Bergen County Bar Association;
37.11. *Class Action Litigation in 2020: What You Need To Know* – New Jersey Institute for Continuing Legal Education;
37.12. *Consumer Law 101: A Primer to Help Low Income Nevadans in Atypical Consumer Disputes* – Legal Aid Center of Southern Nevada;
37.13. *Fourth Bi-Annual University of Pretoria International Consumer Law Conference: Debt Collection and Consumer Bankruptcy* – University of Pretoria;
37.14. *Student Legal Services, Consumer Lawyers' Discussion* – University of Minnesota Student Legal Service Presentation;
37.15. *2021 Fair Debt Collections Conference & TCPA Symposium* – National Consumer Law Center;
37.16. *2021 Annual Meeting & Convention* – New Jersey State Bar

Association;
37.17. *COVID-19 & Consumer Protection Laws-A Primer to Representing Individuals in Financial Distress* – Hudson County Bar Association;
37.18. *2021 Boardwalk Seminar* – New Jersey Association for Justice;
37.19. *2021 Consumer Rights Litigation Conference* – National Consumer Law Center;
37.20. *2022 How to Represent Consumer Debtors* – Bergen County Bar Association;
37.21. *2022 Introduction to Class Actions in State & Federal Courts* – Bergen County Bar Association;
37.22. *Mortgages, RESPA, TILA and more* – Bergen County Bar Association;
37.23. *Complying with the Fair Debt Collection Practices Act* – New Jersey State Bar Association;
37.24. *2022 Florida Bar Annual Convention* – Overview of State and Federal Restraints on Debt Collection

38. I serve as Chair of the Consumer Protection Law Committee of the New Jersey State Bar Association ("NJSBA"), where we advocate on behalf of consumers as to legislation pending in the State of New Jersey. I am also a member of the Class Action Committee of the NJSBA.

39. Additionally, I serve as Chair of the Consumer Law Committee of the Bergen County Bar Association ("BCBA"), and as Co-chair of the Federal Practice Committee of the BCBA.

40. I also serve as President of the Board of Directors of the Consumers League of New Jersey ("CLNJ"), a non-profit, membership organization founded in 1900 that educates and advocates on behalf of consumers. *See* Suzanne Nussbaum & James Boskey, *The Consumers League of New Jersey and the*

*Development of Occupational Disease Legislation*, 4 Seton Hall Legis. J. 101 (1979).

41. I have written briefs and argued on behalf of *Amici Curiae* CLNJ[1] and the National Association of Consumer Advocates[2] ("NACA") as to important FDCPA appeals, before the Superior Court of New Jersey, Appellate Division. *See Midland Funding LLC v. Thiel*, 143 A.3d 72 (N.J. Super. Ct. App. Div. 2016).

---

[1] The CLNJ has been granted the status of amicus curiae in many cases. The N.J. Supreme Court agreed with the arguments advanced by CLNJ in *D'Agostino v. Maldonado*, 216 N.J. 168 (2013); *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419 (2013); and *Walker v. Giuffre*, 209 N.J. 124 (2012). In *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543 (2009), the N.J. Supreme Court held that there is no requirement of a pre-suit notification before a consumer sues under the N.J. Consumer Fraud Act. In *Perez v. Rent-a-Center*, 186 N.J. 188 (2006), the N.J. Supreme Court agreed with the League's amicus brief that rent-to-own stores were subject to New Jersey's 30% criminal usury law, N.J.S.A. 2C:21-19, and the New Jersey Retail Installment Sales Act. The League has been also been granted amicus participation in *Muhammad v. County Bank of Rehoboth Beach*, 189 N.J. 1 (2006); *MetLife Capital Corp. v. Washington Avenue Associates L.P.*, 159 N.J. 484 (1999); *Perth Amboy Ironworks, Inc. v. American Home Assurance Co.*, 118 N.J. 249 (1990); *49 Prospect Street Tenants Ass'n v. Sheva Gardens*, 227 N.J. Super. 449 (App. Div. 1988); and *Green v. Continental Rentals, Inc.*, 292 N.J. Super. 241 (Law Div. 1994).

[2] NACA has been granted the status of amicus curiae in numerous cases—too many to list here—including the landmark FDCPA case *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, where Justice Sotomayor agreed with the arguments advanced by NACA, et al. 559 U.S. 573, 602 (2010). NACA has also advocated on behalf of consumers in New Jersey. *See Lee v. Carter-Reed Co.*, 203 N.J. 496 (2010) (holding class action certification should have been granted); *Delta Funding Corp. v. Harris*, 189 N.J. 28 (2006); *Muhammad v. Cnty. Bank of Rehoboth Beach*, 189 N.J. 1 (2006) (class-wide arbitration ban unconscionable and unenforceable); *Metlife Capital Fin. Corp. v. Wash. Ave. Assocs. L.P.*, 159 N.J. 484 (1999).

42. I represent the CLNJ on the Special Civil Part Practice Committee of the New Jersey Supreme Court. As a member of the Special Civil Part Practice Committee, I participate in the proposal of and amendments to the New Jersey Court Rules governing the Special Civil Part, where majority of debt collection lawsuits affecting New Jersey consumers are filed.

43. I also dedicate significant resources by providing *pro bono* services to indigent clients in New Jersey; contributing over thousands of pro bono hours. I have been recognized for my *pro bono* contributions and have received a 2017 and a 2019 Equal Justice Medal from the Legal Services of New Jersey, and a 2019 Champions of Justice Award from Northeast New Jersey Legal Services.

44. I have been personally certified as Class Counsel in the following matters:

    44.1. *Rufo v. Alpha Recovery Corp. et al*, 2:15-cv-00865-CLW (D.N.J.);
    44.2. *Maldonado v. Raymond Meisenbacher & Sons, Esqs., P.C. et al*, 3:15-cv-01845-DEA (D.N.J.);
    44.3. *Maldonado v. Nelson, Watson & Associates, LLC, et al*, 2:15-cv-05940-MAH (D.N.J.);
    44.4. *Sandoval v. LVNV Funding LLC, et al*, 2:15-cv-06728-KM-MAH (D.N.J.)
    44.5. *Chung v. CCB Credit Services, Inc., et al*, 2:15-cv-05198-KM-MAH (D.N.J.);
    44.6. *Feliciano, et al. v. Forster Garbus & Garbus*, 2:15-cv-02496-CLW (D.N.J.);
    44.7. *Maldonado et al v. Law Offices of Faloni & Associates, LLC, et al*, 2:15-cv-02859-CLW (D.N.J.);
    44.8. *Dickon v. Rubin & Rothman, LLC, et al*, 2:15-cv-07961-SCM (D.N.J.);

44.9. *Chung v. Northland Group, Inc., et al.*, 2:15-cv-06246-SCM (D.N.J.);
44.10. *Chung v. Alliance One Receivables Management, Inc., et al.,* 2:15-cv-02905-MCA-LDW (D.N.J.);
44.11. *Thomas v. ARS National Services, Inc., et al.,* 2:15-cv-03635-JAD (D.N.J.);
44.12. *Ballaj v. Gatestone & Co. International Inc., et al.,* 2:16-cv-01311-CLW (D.N.J.);
44.13. *Santiago v. Northland Group, Inc., et al.,* 2:15-cv-03608-CLW (D.N.J.);
44.14. *Heerema v. Afni, Inc., et al.*, 2:16-cv-00244-JBC (D.N.J.);
44.15. *Kang, et al. v. Nationwide Credit, Inc., et al.*, 2:15-cv-03251-LDW (D.N.J.);
44.16. *Park, et al. v. United Collection Bureau, Inc.*, 2:15-cv-01306-CLW (D.N.J.);
44.17. *Watkins v. Pressler & Pressler LLP,* 2:16-cv-00119-MCA-LDW (D.N.J.);
44.18. *Amonoo, et al. v. Firstsource Advantage, LLC*, 2:16-cv-01601-SCM (D.N.J.)
44.19. *Diaz, et al. v. Collecto, Inc.*, 2:16-cv-02087-MF (D.N.J.);
44.20. *Robinson v. Escallate, LLC, et al.*, 2:16-cv-01174-MAH (D.N.J.);
44.21. *Gibson, et al. v. Javitch Block, LLC,* 2:18-cv-00320-MJD-RLM (S.D. Ind.)
44.22. *Thomas v. John A. Youderian Jr., LLC, et al.*, 2:16-cv-01408-MAH (D.N.J.);
44.23. *In re LVNV Funding LLC Fair Debt Collection Practices Act Litigation*, 2:16-cv-01117-SDW-SCM (D.N.J.);
44.24. *Browne v. Cavalry Portfolio Services LLC*, 2:15-cv-06005-JAD (D.N.J.);
44.25. *Latteri v. James Mayer*, 2:17-cv-13707-JAD (D.N.J.);
44.26. *Twyman v. Retail Recovery Service of NJ, Inc, et al.,* 2:16-cv-02910-SCM (D.N.J.);
44.27. *Santiago v. Apothaker,* 2:16-cv-01432-SCM (D.N.J.);
44.28. *Filgueiras v. Portfolio Recovery Associates LLC,* ESX-L-6277-18 (N.J. Super. Ct. Law Div.);
44.29. *Schultz v. Midland Credit Management, Inc., et al.,* 2:16-cv-04415-MCA-ESK (D.N.J.).
44.30. *Pritchard v. Second Round Sub LLC, et al.,* 2:17-cv-06334-MAH (D.N.J.);

44.31. *Browne v. Capital One Bank (USA), N.A., et al.,* MID-L-5583-15 (N.J. Super. Ct. Law Div.);

44.32. *Rodriguez-Ocasio, et al. v. Law Offices of Joseph A. Molinaro, L.L.C., et al.,* BER-L-6650-17 (N.J. Super. Ct. Law Div.) (formerly 2:17-cv-11926-SDW-SCM);

44.33. *Francavilla, et al. v. Asset Acceptance LLC, Forster, et al.,* 2:16-cv-01665-JBC (D.N.J.); and

44.34. *Church, et. al. v. Collection Bureau of the Hudson Valley, Inc.,* et al., 2:20-cv-03172-SDW-LDW (D.N.J.).

45. The law firm and attorneys involved in this matter are experienced in cases involving complex litigation issues concerning consumer protection statutes—including the FDCPA, the New Jersey Consumer Fraud Act, the Truth-in-Consumer Contract, Warranty and Notice Act, the Telephone Consumer Protection Act, Federal Consumer Leasing Act, and the New Jersey Consumer Protection Leasing Act—and the complex issues related to litigating class action cases.

46. The law firm and attorneys involved in this matter are experienced with the complex issues of obtaining class certification, obtaining and verifying information related to class members, supervising and monitoring class notice to class members, negotiating complex class action settlements, obtaining court approval of class action settlements and implementing, monitoring and supervising the class action settlements after preliminary and final approval of class action settlements. The attorneys involved have been and will continue to be personally involved in this matter, including the investigation of claims, drafting, reviewing

and editing the pleadings and briefs, discovery, legal research, motion practice, settlement negotiations and many other aspects of the litigation.

### *Additional Facts in Support of Plaintiff's Motion for Class Certification*

47. The law firm and the attorneys involved have devoted all the time and resources necessary to litigate this case to date and will continue to commit the time and resources necessary until the case is finally resolved. Our office has more than adequate resources to prosecute this case, including several attorneys, sufficient support staff experienced in communicating with class members, multiple telephone lines for handling communications or questions from class members, and a record of successfully completed class actions.

48. The law firm intends to vigorously represent the interests of the putative class. We are not aware of any possible conflicts of interest between the named Plaintiff and Plaintiff's counsel, or members of the putative class.

*In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated: November 7, 2022

                                                                                                         KIM LAW FIRM LLC

                                                                                                         *s/Yongmoon Kim*
                                                                                                         Yongmoon Kim, Esq.