UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO MORALES, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No. 2:15-cv-08401-JBC<br><br>**ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT** |

**THIS MATTER** having come before the Honorable James B. Clark, U.S.M.J., at a Fairness Hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the service awards to the Plaintiff; and the Plaintiff and Settlement Class Members being represented by Class Counsel and Defendant being represented by its respective attorneys;

**AND THE COURT,** having read and considered the parties' Settlement Agreement and all the papers appurtenant thereto submitted by the parties and filed by Class Counsel, having reviewed and considered Plaintiff's brief and the declarations submitted in support of the application, the oral arguments of counsel

presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, and for the reasons set forth on the record, the Court finds the following:

1. On May 7, 2025, the Court preliminary approved the class settlement in this action where Plaintiff alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

2. Defendants deny Plaintiff's claims that they violated the FDCPA. Specifically, it is Defendants' position that they did not engage in any violation of law or other wrongdoing or otherwise liable under the FDCPA.

3. ~~On~~ [JBC] the Parties appeared before the Honorable James B. Clark, U.S.M.J. for a Settlement Conference, where the Parties settled in principle on a class-wide basis but had to continue their discussions to finalize the terms.

4. After discovery and arms-length settlement negotiations, on March 6, 2025, the Parties finalized the terms to settle the case on a class basis.

5. In March 2025, the Parties executed a written agreement memorializing the terms of the negotiated settlement.

6. The Court certified the settlement class for settlement purposes, appointed a Settlement Administrator, approved Plaintiff as the Class Representative, and appointed Yongmoon Kim and Mark Jensen, of the Kim Law Firm LLC as Class Counsel.

7. The Settlement Class was defined in the Settlement Agreement as:

> All consumers residing in the State of New Jersey, to whom, from December 2, 2014 to December 2, 2015, Defendant sent a collection letter; which letter (a) was seeking to collect a consumer debt on behalf of creditor EMER PHY ASSOC N JERSEY; and (b) was sent in a window envelope such that the barcode was visible from outside the envelope which a smartphone could scan to reveal an IRN and the first ten characters of the recipient's street address.

8. The Settlement Administrator served notices of the proposed settlement to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (Pub. L. No. 109-2, 119 Stat. 4).

9. The Settlement Class database provided by Defendant to the Settlement Administrator ultimately included 49,121 unique individuals, excluding Plaintiff; and Notices were successfully mailed to 46,170 members of the Settlement Class.

10. The Settlement Administrator has reported to the Court that: the mailing was generally successful; that no Settlement Class Member has raised an objection to the settlement; and that one Settlement Class Members requested to be excluded from the Settlement Class. Therefore, there remains ~~46,190~~ 46,170 [JBC] Settlement Class Members.

11. The Court has not received any objections to the settlement.

12. Plaintiff now requests final approval of the settlement.

13. The Court has considered the Settlement Agreement, the Brief and Declarations submitted in support of it, the accompanying documents, and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

14. The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

15. The application for Final Approval of the proposed settlement is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement, and as set forth in this Order.

16. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement, filed as Exhibit A to the Kim Declaration, is fundamentally fair, reasonable, and more than adequate, and is in the best interests of the Settlement Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class Members. No finding of wrongdoing or liability has been made against Defendants.

17. As set forth in Section III, ¶ 16a of the Settlement Agreement, Defendants agree to pay $500,000 ("Class Fund") to the Settlement Class to be distributed in equal shares to the Remaining Class Members within twenty one (21) days from the date this Order is entered.

18. Within twenty one (21) days of the date of this Order, the Settlement Administrator shall mail each Settlement Class Member their check according to the formula and process set forth in Section III, ¶ 16(c) of the Settlement Agreement.

19. As set forth in paragraph 16e of the Settlement Agreement, funds from uncashed checks shall be paid as a *cy pres* award to <ins>TBD by the Court and/or by settlement between the parties in the near future</ins>, *JBC*

20. For efforts on behalf of the Class and to settle individual claims, Defendants shall pay $15,000 to Plaintiff Alejandro Morales in the manner set forth in Section III, ¶ 17 of the Settlement Agreement within seven (7) days of the date of this Order.

21. Upon entry of this Order and final approval of the settlement, Plaintiff and each member of the Settlement Class who has not been excluded will release Defendant according to the Class Settlement Agreement.

22. *JBC* Defendant shall pay Class Counsel's fees and costs in the amount of $<ins>600,000.00</ins>, which payment includes costs and expenses (excluding the expenses of the Settlement Administrator), and time already spent. However, this does not include time spent monitoring of the settlement. This amount does not include any time, if necessary, to enforce any breach of the Settlement Agreement or for any appeals. The fees are in addition to the

settlement benefits each Settlement Class Member will be receiving and are the sole property of Class Counsel, not Plaintiff or the Settlement Class. The Court finds that Class Counsel's hourly rates and this award to be fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made within twenty one (21) days of the date of this Order in the manner set forth in the Settlement Agreement.

23. Additionally, Defendant shall pay Stern Thomasson LLP a/k/a STLLP's fees and costs in the amount of $ ~~Monies to come out of overall $600,000.00~~ *[handwritten: Monies to come out of overall $600,000.00, payment in the amount of $9529.40]* These fees are in addition to ~~Class Counsel's attorney's fees and costs~~ [JBC], the settlement benefits each Settlement Class Member will be receiving, and are the sole property of STLLP, not Plaintiff or the Settlement Class. The Court finds that STLLP's hourly rates and this award to be fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made within twenty one (21) days of the date of this Order in the manner set forth in the Settlement Agreement.

24. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

25. This Action against the Defendants is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 8/27/25

HONORABLE JAMES B. CLARK,
UNITED STATES MAGISTRATE JUDGE